XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6509
  Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*Warren A. Stanley, Charles Sampson,*
*A. Braaksma, S. Pool, and E. Bailey*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YAQUELIN SEVASTIANA ORDONEZ,**<br><br>Plaintiff,<br><br>**v.**<br><br>**WARREN A. STANLEY, CHARLES SAMPSON, SGT. A. BRAAKSMA (#16551), SGT. S. POOL (#14242), OFFICER E. BAILEY (#22360), and Does 1 through 10, all sued in their individual capacities,**<br><br>Defendants. | 2:20-cv-02779 CBM (PJWx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:        June 23, 2020<br>Time:        10:00 a.m.<br>Courtroom:  8B<br><br>Judge:       Hon. Consuelo B. Marshall<br><br>Trial Date:   Not set<br>Action Filed: March 25, 2020<br><br>*[Filed concurrently with Request for Judicial Notice]* |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 23, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Department 8B of the above-entitled Court, located at 350 West First Street, Los Angeles, California, 90012, Defendants Warren A. Stanley, Charles Sampson, A. Braaksma, S. Pool, and E. Bailey will, and hereby do, move this Court for an order dismissing Plaintiff Yaquelin Sevastiana Ordonez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants bring this motion on the following grounds:

(1)     The complaint should be dismissed as against Captain Sampson because plaintiff fails to allege facts sufficient to state a claim for relief against him under federal or state law.

(2)     Defendants are entitled to qualified immunity with respect to plaintiff's Fourth Amendment claim because the law is not clearly established that a thirty-day impound of plaintiff's vehicle under the circumstances of this case violates the constitution.

(3)     Plaintiff cannot present a cognizable due process claim because the Vehicle Code affords constitutionally sufficient notice and opportunity to be heard. Even if plaintiff can allege a claim for violation of her due process rights, defendants are entitled to qualified immunity because they did not violate clearly established law.

(4)     Plaintiff cannot present a valid takings claim because: (a) her claim is against individual defendants; and (b) she cannot allege facts demonstrating that her property was taken for public use.  Even if plaintiff can allege a takings claim, defendants are entitled to qualified immunity because they did not violate clearly established law.

//

1         (5)     Plaintiff cannot present viable claims under state law because: (a)

2    plaintiff's claim pursuant to Civil Code section 52.1 fails because plaintiff does not

3    allege facts showing each defendant had a specific intent to violate the plaintiff's

4    constitutional rights; (b) Article I, Section 13, of the California Constitution does

5    not provide a right to damages; and (c) defendants are immune from liability for

6    such claims pursuant to California Government Code sections 820.6, 821.6, and

7    820.2.

8         This motion is made following the conference of counsel pursuant to Central

9    District of California Local Rule 7-3 which took place on May 13, 2020.

10        Defendants' Motion to Dismiss is based on this Notice of Motion and

11   Motion, the attached Memorandum of Points and Authorities, the concurrently filed

12   Request for Judicial Notice, the file and all pleadings in this matter, any oral

13   argument, any matters upon which judicial notice may be taken, and any and all

14   other matters this court deems just and necessary.

15

16   Dated:  May 18, 2020               Respectfully submitted,

17                                XAVIER BECERRA
                                  Attorney General of California

18                                MARK T. CUMBA
                                  Supervising Deputy Attorney General

19

20

21                                s/ Donna M. Dean

22                                DONNA M. DEAN
                                  Deputy Attorney General

23                                *Attorneys for Defendants*
                                  *Warren A. Stanley, Charles Sampson,*

24                                *A. Braaksma, S. Pool, and E. Bailey*

25

26

27

28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

    A.   California Vehicle Code Sections 14602.6 and 22852 .............. 2

    B.   The Incident in This Case ........................................................ 3

ARGUMENT ......................................................................................................... 5

I.   The Complaint Should Be Dismissed as Against Captain Sampson Because Plaintiff Fails to Allege Facts Sufficient to State a Claim for Relief Against Him ............................................. 5

II.   Defendants Are Entitled to Qualified Immunity with Respect to Plaintiff's Fourth Amendment Claim Because Defendants Did Not Violate Clearly Established Law ................................................ 6

    A.   The Seizure of Plaintiff's Car Was Proper Based on the Community Caretaking Doctrine ........................................... 6

    B.   The Law Is Not Clearly Established that a Thirty-Day Impound Pursuant to Vehicle Code Section 14602.6 Violates the Fourth Amendment ............................................. 7

III.   Plaintiff's Due Process Claim Should Be Dismissed ...................... 12

    A.   Plaintiff Does Not Allege a Cognizable Procedural Due Process Claim ....................................................................... 12

        1.   The Statutory Notification Satisfies Due Process ......... 14

        2.   Post-Deprivation Hearings by CHP Employees Satisfy Due Process .......................................................... 15

        3.   A Judicial Proceeding Is Not Required to Satisfy Due Process ..................................................................... 15

        4.   Plaintiff's Claim That the Impoundment Violates Due Process Because It Is a "Punitive Sanction" Fails ................................................................................. 16

        5.   The Payment of Tow and Storage Fees Does Not Violate Due Process ....................................................... 16

    B.   Plaintiff Does Not Allege a Cognizable Substantive Due Process Claim ....................................................................... 17

    C.   Defendants Did Not Violate Clearly Established Law ............ 17

IV.   Plaintiff's Takings Claim Should Be Dismissed ............................. 18

    A.   Defendants Did Not Violate Plaintiff's Fifth Amendment Rights ...................................................................................... 18

        1.   Individual Defendants Are Not Liable in Their Individual Capacities for Takings Damages ................. 18

        2.   Plaintiff's Vehicle Was Not Taken for a "Public Use" ................................................................................ 19

i

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3    B.    The Impoundment of Plaintiff's Vehicle Did Not Violate
            Clearly Established Fifth Amendment Law ............................20

4    V.    Plaintiff Cannot Present Viable Claims Under State Law.................20

5    A.    Plaintiff Does Not Allege a Valid Claim Under the
            California Constitution ......................................................20

6    B.    Plaintiff's California Civil Code Section 52.1 Claim Fails......21

7    C.    Plaintiff's State Law Claims Are Barred by Immunity............22

8          1.    Defendants Are Immune Based on Government
                  Code Section 820.6.........................................................22

9          2.    Defendants Are Immune Based on Government
                  Code Section 821.6.........................................................23

10         3.    Defendants Are Immune Based on Government
                  Code Section 820.2.........................................................24

11   CONCLUSION ..........................................................................25

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

3

**Page**

4

**CASES**

5

*Ahlers v. Rabinowitz*

6
    684 F.3d 53 (2d Cir. 2012) ......................................................................... 12

7

*Ali v. Ramsdell*

8
    423 F.3d 810 (8th Cir. 2005) ..................................................................... 12

9

*Alviso v. Sonoma Cty. Sheriff's Dep't*

10
    186 Cal.App.4th 198 (2010) ................................................................ 14, 21

11

*Amylou R. v. County of Riverside*
    28 Cal.App.4th 1205 (1994) ...................................................................... 24

12

13

*Asgari v. City of Los Angeles*
    15 Cal.4th 744 (1997) ............................................................................... 24

14

*Ashcroft v. al-Kidd*

15
    563 U.S. 731 (2011) ...............................................................7, 8, 12, 18, 20

16

*Ashcroft v. Iqbal*

17
    556 U.S. 662 (2009) ............................................................................... 5, 7

18

*Ballard v. Hunter*

19
    204 U.S. 241 (1907) ................................................................................. 15

20

*Bell v. Wolfish*

21
    441 U.S. 520 (1979) ................................................................................. 16

22

*Bennis v. Michigan*

23
    516 U.S. 442 (1996) ................................................................................. 19

24

*Brewster v. Beck*

25
    859 F.3d 1194 (9th Cir. 2017) ............................................................9, 10, 12

26

*Brower v. County of Inyo*
    489 U.S. 593 (1989) ................................................................................... 8

27

*Cabral v. County of Glenn*

28
    624 F. Supp. 2d 1184 (E.D. Cal. 2009) ...................................................... 21

1
2

## TABLE OF AUTHORITIES
### (continued)

Page

3
4
*California Highway Patrol v. Superior Court*
162 Cal.App.4th 1144 (2008)...................................................................24

5
6
*California v. Hodari D.*
499 U.S. 621 (1991) ...................................................................................8

7
8
*Case v. Eslinger*
555 F.3d 1317 (11th Cir. 2009) .................................................................12

9
*City & Cty. of San Francisco, Calif. v. Sheehan*
135 S. Ct. 1765 (2015) ...............................................................................9

10
11
*City of West Covina v. Perkins*
525 U.S. 234 (1999) ............................................................................9, 14

12
13
*Clemmons v. City of Long Beach*
283 Fed.Appx. 487 (9th Cir. 2008) ...........................................................21

14
15
*Collins v. City of Harker Heights*
503 U.S. 115 (1992) ..................................................................................17

16
17
*Cooley v. City of Los Angeles*
No. 2:18-CV-09053-CAS..........................................................................19

18
19
*David v. City of Los Angeles*
307 F.3d 1143 (9th Cir. 2002) .............................................................13, 15

20
21
*Davis v. Scherer*
468 U.S. 183 (1984) ....................................................................................7

22
*DeNault v. Ahem*
857 F.3d 76 (1st Cir. 2017) .......................................................................11

23
24
*Fox v. Van Oosterum*
176 F.3d 342 (6th Cir. 1999) .....................................................................12

25
26
*Gilmore v. City of Minneapolis*
837 F.3d 827 (8th Cir. 2016).....................................................................12

27
28
*Goichman v. Rheuban Motors, Inc.*
682 F.2d 1320 (9th Cir. 1982)...................................................13, 15, 16, 17

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3    *Gonzalez v. Village of West Milwaukee*
4        671 F.3d 649 (7th Cir. 2012) ...................................................11

5    *Jessop v. City of Fresno*
6        936 F.3d 937 (9th Cir. 2019) (J. White, dissenting)...........................11

7    *Johnson v. State of California*
         69 Cal.2d 782 (1968)...................................................25
8
     *Katzberg v. Regents of Univ. of California*
9        29 Cal.4th 300 (2002)...................................................20
10
     *Kokesh v. Sec. and Exch. Comm.*
11       137 S. Ct. 1635 (2017) ...................................................16

12   *Langdon v. Swain*
13       29 Fed.Appx. 171 (4th Cir. 2002) ...................................................18

14   *Lee v. City of Chicago*
15       330 F.3d 456 (7th Cir. 2003) ...................................................11

16   *Lopez v. Youngblood*
17       609 F. Supp. 2d 1125 (E.D. Cal. 2009)...................................................21

18   *Martinez v. Cahill*
19       215 Cal.App.2d 823 (1963)...................................................5

20   *Mateos-Sandoval v. Cty. of Sonoma*
         942 F. Supp. 2d 890 (N.D. Cal. 2013)...................................................19
21
     *Mathews v. Eldridge*
22       424 U.S. 319 (1976) ...................................................12, 13

23   *Michel v. Smith*
24       188 Cal. 199 (1922)...................................................5

25   *Miranda v. Bonner*
26       No. CV 08-03178 SJO, 2013 WL 794059 (C.D. Cal. Mar. 4, 2013)...................19

27   *Miranda v. City of Cornelius*
28       429 F.3d 858 (9th Cir. 2005)...................................................6, 13

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3
4
*Mitchell v. Forsyth*
 472 U.S. 511 (1985) ..............................................................7

5
6
*Moore v. Johnson*
 582 F.2d 1228 (9th Cir. 1978) ...................................... 15, 25

7
8
*Nelson v. Colorado*
 137 S. Ct. 1249 (2017) ....................................................... 17

9
10
*O'Toole v. Superior Court*
 140 Cal.App.4th 488 (2006).......................................... 22, 23

11
*Pearson v. Callahan*
 555 U.S. 223 (2009) ............................................................7

12
13
*Quigley v. Garden Valley Fire Protection Dist.*
 7 Cal.5th 798 (2019)........................................................... 23

14
15
*Recchia v. City of Los Angeles Dep't of Animal Servs.*
 889 F.3d 553 (9th Cir. 2018) ............................................. 13

16
17
*Reichle v. Howards*
 566 U.S. 658 (2012) ..................................................7, 8, 18, 20

18
19
*Richards v. Dep't of Alcoholic Beverage Control*
 139 Cal.App.4th 304 (2006).............................................. 23

20
*Richardson-Tunnell v. School Ins. Program for Employees*
 157 Cal.App.4th 1056 (2007)........................................ 23, 24

21
22
*Roy v. County of Los Angeles*
 114 F. Supp. 3d 1030 (C.D. Cal. 2015).............................. 20

23
24
25
*Salazar v. Schwarzenegger*
 No. CV 07-01854 SJO, 2008 WL 11357881 (C.D. Cal. Sep. 8,
 2008)................................................................................... 14

26
27
*Sanchez v. City of Fresno*
 914 F. Supp. 2d 1079 (E.D. Cal. 2012).......................... 20, 21

28

vi

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4

*Sandoval v. Cty. of Sonoma*
   912 F.3d 509 (9th Cir. 2018) ......................................................................... 10, 21

5
6

*Scofield v. City of Hillsborough*
   862 F.2d 759 (9th Cir. 1988) ......................................................................... 13

7
8

*Scott v. Jackson County*
   297 Fed.Appx. 623 (9th Cir. 2008) .................................................... 19

9

*Shafer v. Cty. of Santa Barbara*
   868 F.3d 1110 (9th Cir. 2017) ............................................................... 7

10
11

*Shaul v. Cherry Valley-Springfield Central School District*
   363 F.3d 177 (2d Cir. 2004) ................................................................. 12

12
13

*Smith v. Santa Rosa Police Dep't*
   97 Cal.App.4th 546 (2002) ...................................................................... 3

14
15

*Spokane County Legal Servs., Inc. v. Legal Servs. Corp.*
   614 F.2d 662 (9th Cir. 1980) ................................................................ 15

16
17

*Starr v. Baca*
   652 F.3d 1202 (9th Cir. 2011) ............................................................... 5

18
19

*Strong v. State of California*
   201 Cal.App.4th 1439 (2011) ............................................................. 24

20
21

*Thompson v. City of Petaluma*
   231 Cal.App.4th 101 (2014) ............................................................... 14

22

*Thompson v. Whitman*
   85 U.S. 457 (1873) ............................................................... 8, 9, 10

23
24

*United States v. Bajakajian*
   524 U.S. 321 (1998) ................................................................ 16

25
26

*United States v. Garcia-Martinez*
   228 F.3d 956 (9th Cir. 2000) ......................................................... 15

27
28

*United States v. Reese*
   2 F.3d 870 (9th Cir. 1993) ........................................................... 21

vii

1
2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3
4

*Vicory v. Walton*
        730 F.2d 466 (6th Cir. 1984) .................................................................. 18

5
6

*Wong Wing v. United States*
        163 U.S. 228 (1896) ............................................................................... 16

7
8

*Yagman v. Garcetti*
        852 F.3d 859 (9th Cir. 2017) ................................................................. 12

9

**STATUTES**

10

42 U.S.C. § 1983 .......................................................................................... 5

11
12

California Civil Code
        § 52.1 .................................................................................................. 1, 21

13
14

California Government Code
        § 820.2 ............................................................................. 1, 22, 23, 24, 25
        § 820.6 ................................................................................... 1, 22, 25
        § 820.8 .................................................................................................. 5
        § 821.6 .............................................................................. 1, 2, 22, 25

15
16
17
18

California Vehicle Code
        § 14602.6 ..................................................................................*passim*
        § 14607.4 ................................................................................................ 2
        § 22650 ................................................................................................... 2
        § 22852 ....................................................................................*passim*

19
20
21

22

**CONSTITUTIONAL PROVISIONS**

23

Fourth Amendment ............................................................................*passim*

24
25

Fifth Amendment ........................................................................... 18, 19

26

Cal. Const., art I, § 13 ............................................................... 1, 20, 21

27

**COURT RULES**

28

Fed. R. Crim. P. 41(d) .............................................................................. 14

# INTRODUCTION

Plaintiff's complaint brings claims under the Fourth, Fifth, and Fourteenth Amendments, as well as state law, arising out of the impound of her vehicle. Plaintiff's claims fail as a matter of law for the following reasons:

(1)     The complaint should be dismissed as against Captain Sampson because plaintiff fails to allege facts sufficient to state a claim for relief against him under federal or state law.

(2)     Defendants are entitled to qualified immunity with respect to plaintiff's Fourth Amendment claim because the law is not clearly established that a thirty-day impound of plaintiff's vehicle under the circumstances of this case violates the constitution.

(3)     Plaintiff cannot present a cognizable due process claim because the Vehicle Code affords constitutionally sufficient notice and opportunity to be heard. Even if plaintiff can allege a claim for violation of her due process rights, defendants are entitled to qualified immunity because they did not violate clearly established law.

(4)     Plaintiff cannot present a valid takings claim because: (a) her claim is against individual defendants; and (b) she cannot allege facts demonstrating that her property was taken for public use.  Even if plaintiff can allege a takings claim, defendants are entitled to qualified immunity because they did not violate clearly established law.

(5)     Plaintiff cannot present viable claims under state law because: (a) plaintiff's claim pursuant to Civil Code section 52.1 fails because plaintiff does not allege facts showing each defendant had a specific intent to violate the plaintiff's constitutional rights; (b) Article I, Section 13, of the California Constitution does not provide a right to damages; and (c) defendants are immune from liability for such claims pursuant to California Government Code sections 820.6, 821.6, and 820.2.

1      Accordingly, defendants request that this Court dismiss plaintiff's complaint

2  with prejudice and without leave to amend.

3                      **STATEMENT OF FACTS**

4      **A.   California Vehicle Code Sections 14602.6 and 22852**

5      The California Legislature passed the Safe Streets Act of 1994 based on

6  findings that unlicensed drivers and drivers with suspended licenses are far more

7  likely than licensed drivers to cause fatal accidents and to inflict injuries and

8  property loss on innocent drivers.  Cal. Veh. Code § 14607.4(b)-(e).  An estimated

9  75 percent of all drivers whose driving privileges have been withdrawn continue to

10  drive.  Cal. Veh. Code § 14607.4(e).  As a result, the California Legislature

11  determined that it was "necessary and appropriate to take additional steps to

12  prevent unlicensed drivers from driving . . . ."  Cal. Veh. Code § 14607.4(f).  The

13  Legislature expressed "a critical interest" in taking all appropriate steps to protect

14  California residents from this danger.  *Id*.  This included the temporary

15  impoundment of vehicles driven by unlicensed drivers, or drivers whose licenses

16  were suspended for safety violations.  Cal. Veh. Code § 14602.6.

17      Vehicle Code section 14602.6 authorizes a peace officer to impound a

18  vehicle for thirty days whenever that officer determines:

19      . . . that a person was driving a vehicle while his or her driving privilege

20      was suspended or revoked, driving a vehicle while his or her driving

21      privilege is restricted … and the vehicle is not equipped with a

22      functioning, certified interlock device, or driving a vehicle without ever

23      having been issued a driver's license . . . .

24  Cal. Veh. Code § 14602.6(a)(1).

25      The process of taking custody of the vehicle – i.e., the seizure of the vehicle

26  – must comply with the Fourth Amendment.  Cal. Veh. Code § 22650.

27      Section 14602.6 provides that owners of impounded vehicles "shall be

28  provided the opportunity for a storage hearing . . . in accordance with Section

22852." Cal. Veh. Code § 14602.6(b). The purpose of the hearing is to "determine the validity of…the storage" or "consider any mitigating circumstances attendant to [] the storage." *Id.* The statute lists several conditions that trigger the immediate release of the vehicle, including that the driver reinstated or acquired a valid driver's license and insurance. Cal. Veh. Code § 14602.6(d)(1). The fact that a registered owner lacked actual knowledge that the driver did not have a valid license is a mitigating circumstance that supports early release. *See Smith v. Santa Rosa Police Dep't,* 97 Cal.App.4th 546, 549-550 (2002).

Vehicle Code section 22852 dictates that notice "shall be mailed or personally delivered to the registered and legal owners within 48 hours" and sets forth the elements of such notice, including "[a] statement that, in order to receive their poststorage hearing, the owners, or their agents, shall request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice." Cal. Veh. Code § 22852(b). Section 22852 also mandates that the "hearing shall be conducted within 48 hours of the request, excluding weekends and holidays" and that "[t]he public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle." Cal. Veh. Code § 22852(c).

The statute provides a remedy if reasonable grounds for the storage are not established in that the "agency employing the person who directed the storage shall be responsible for the costs incurred for towing and storage." Cal. Veh. Code § 22852(d).

CHP's impound policy tracks Vehicle Code sections 14602.6 and 22852 and provides additional procedural guidance. Request for Judicial Notice (RJN), Ex. 1.

**B.    The Incident in This Case**

Plaintiff alleges the California Highway Patrol (CHP) has an "Impound Policy" – personally approved by CHP Commissioner Stanley – whereby a CHP officer causes a vehicle to be seized and held for thirty days without a warrant

under certain circumstances.  Complaint, ¶¶ 10-16.  Those impounds are made pursuant to California Vehicle Code section 14602.6.[1]  *Id*., ¶¶ 17, 25.

On October 24, 2019, CHP Officer Bailey stopped Francisco Gomez Lopez (plaintiff's spouse) while he was driving plaintiff's vehicle.  Complaint, ¶ 19.  Plaintiff's vehicle was impounded for thirty days pursuant to California Vehicle Code section 14602.6 because Mr. Lopez was driving with a suspended license.  *Id*.; RJN, Ex. 2.

Plaintiff alleges that she spoke with CHP Sergeant Pool the following day and requested release of her vehicle, but Sergeant Pool refused to release the vehicle because it was subject to a thirty-day impound.  Complaint, ¶ 21.

On October 30, 2019, plaintiff appeared for a vehicle storage hearing pursuant to California Vehicle Code section 22852.  Complaint, ¶ 22.  Plaintiff's vehicle was not released early after the vehicle storage hearing.  *Id*.  The reasons provided to plaintiff for the refusal to grant her request for early release of the vehicle were the fact that Mr. Lopez's driver's license was suspended and the following:

> Mr. Lopez further stated that Ms. Ordonez knew that Mr. Lopez is unlicensed, and that he had permission to drive Ms. Ordonez' vehicle.
>
> ***
>
> The facts remain that Mr. Lopez lives at the same address as Ms. Ordonez, Mr. Lopez admits they are married, Mr. Lopez has access to her vehicles, and is under the court directive of requiring an ignition interlock device pursuant to 23700 CVC.

Request for Judicial Notice (RJN), Ex. 3.

//

//

---

[1] Paragraph 17 of the complaint erroneously refers to "Cal. Vehicle Code § 16402.6 … ."  There is no such statute, and plaintiff correctly identifies the statute in the remainder of her complaint.

1

**ARGUMENT**

2

**I.   THE COMPLAINT SHOULD BE DISMISSED AS AGAINST CAPTAIN**

3

**SAMPSON BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AGAINST HIM**

4     The complaint fails to allege any facts to establish a plausible claim against

5    Captain Sampson.  First, supervisory officials may not be sued under 42 U.S.C.

6    section 1983 solely on the basis of their position as a supervisory government

7    official; supervisory officials can only be sued under section 1983 based upon their

8    own wrongful behavior.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  "A defendant

9    may be held liable as a supervisor under § 1983 'if there exists either (1) his or her

10   personal involvement in the constitutional deprivation, or (2) a sufficient causal

11   connection between the supervisor's wrongful conduct and the constitutional

12   violation.'"  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v.*

13   *Black*, 885 F.2d 642, 646 (9th Cir. 1989).

14     Second, under state law, Government Code section 820.8 precludes liability

15   against public employees based upon the alleged actions or omissions of others.

16   Cal. Gov. Code § 820.8.  The Legislative Committee Comment to section 820.8

17   makes it clear that the section "nullifies the holdings of a few old cases that some

18   public officers are vicariously liable for the torts of their subordinates."  Section

19   820.8 codifies the prevailing view that public employees are only liable in tort for

20   acts or omissions in which they are immediately, directly, and personally involved.

21   *See e.g.*, *Michel v. Smith*, 188 Cal. 199, 202 (1922); *Martinez v. Cahill*, 215

22   Cal.App.2d 823, 824 (1963) (decided under former Government Code Section

23   1953.6, from which section 820.8 is derived).  Thus, section 820.8 precludes

24   liability against public employees based upon alleged wrongs committed by other

25   public employees.

26     In her complaint, plaintiff alleges that Captain Sampson is "the commanding

27   officer of the CHP's Central Los Angeles station."  Complaint, ¶ 5.  There are no

28   other factual allegations regarding Captain Sampson in plaintiff's complaint other

1  than the allegation that plaintiff's counsel sent a letter to him.  *Id*., ¶ 23, Ex. A.

2  These allegations are insufficient to state a plausible claim for relief against Captain

3  Sampson under federal or state law.

4  **II.  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT**

**TO PLAINTIFF'S FOURTH AMENDMENT CLAIM BECAUSE DEFENDANTS**

5  **DID NOT VIOLATE CLEARLY ESTABLISHED LAW**

6  **A.  The Seizure of Plaintiff's Car Was Proper Based on the**

**Community Caretaking Doctrine**

7

8  Plaintiff alleges that the seizure of plaintiff's vehicle violated the Fourth

9  Amendment because it was done without a warrant and did not fall within an

10  exception to the warrant requirement.  Complaint ¶ 28.  To the extent that plaintiff's

11  claim is based on the initial seizure of her vehicle, her claim lacks merit.  Plaintiff

12  alleges that her vehicle was seized after Officer Bailey stopped the vehicle on the

13  freeway and discovered that the driver – plaintiff's spouse – was driving with a

14  suspended license.  *Id*. ¶ 19.  Plaintiff also admits that there was no licensed driver

15  at the scene to take possession of the vehicle.  *Id*. ¶ 20.  The community caretaking

16  exception applies because the vehicle was stopped on the freeway and there was no

17  licensed driver present to drive the vehicle away.  *Miranda*, 429 F.3d at 865 ("The

18  violation of a traffic regulation justifies impoundment of a vehicle if the driver is

19  unable to remove the vehicle from a public location without continuing its illegal

20  operation.")

21  Even if plaintiff could allege a claim for violation of her Fourth Amendment

22  rights based on the initial seizure of her vehicle, her claim could only be asserted

23  against Officer Bailey.  Plaintiff cannot state a claim against any of the other

24  defendants because: (1) they are supervisory personnel that were not present or

25  involved in the initial seizure; and (2) plaintiff does not allege sufficient facts to

26  state a claim based on a policy of seizing vehicles in violation of the Fourth

27  Amendment.

28  //

1    Accordingly, to the extent that plaintiff's Fourth Amendment claim is based

2    on the initial seizure of her vehicle, this claim should be dismissed.

3        **B.    The Law Is Not Clearly Established that a Thirty-Day Impound
             Pursuant to Vehicle Code Section 14602.6 Violates the Fourth**
4            **Amendment**

5        The doctrine of qualified immunity shields a government official from liability

6    for monetary damages unless the plaintiff establishes "(1) that the official violated a

7    statutory or constitutional right, and (2) that the right was 'clearly established' at

8    the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)

9    (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Courts have the discretion

10   to decide which prong of this analysis to address first under the circumstances of a

11   particular case.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  A decision in the

12   defendant's favor on either prong establishes qualified immunity, even without

13   consideration of the other prong.  *See Reichle v. Howards*, 566 U.S. 658, 663

14   (2012); *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017), *cert.*

15   *denied sub nom. Shafer v. Padilla*, 138 S. Ct. 2582 (2018) (citing *Pearson*, 555 U.S.

16   at 236).

17       Qualified immunity grants officials "breathing room to make reasonable but

18   mistaken judgments about open legal questions" and "properly applied, it protects

19   all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*,

20   563 U.S. at 743.  The purpose of qualified immunity is to ensure public officials

21   will not be unduly hampered by fear of lawsuits when carrying out their duties to

22   the public, and that peace officers in particular will not always err on the side of

23   caution for fear of being held financially liable.  *Mitchell v. Forsyth*, 472 U.S. 511,

24   526 (1985); *Davis v. Scherer*, 468 U.S. 183, 196 (1984).  Qualified immunity

25   accomplishes these objectives by serving as "both a defense to liability and limited

26   'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v.*

27   *Iqbal*, 556 U.S. 662, 672 (2009).

28   //

To determine whether a right was "clearly established," a right must be established "in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Reichle*, 566 U.S. at 665 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). For that to be true, "existing precedent must have placed the . . . constitutional question beyond debate." *Id.* (citation omitted). This requires either "controlling authority" or "a robust 'consensus of cases of persuasive authority'" establishing that the official's conduct was unconstitutional. *al-Kidd*, 563 U.S. at 741-742 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

The law is not clearly established that the impoundment of plaintiff's vehicle under the circumstances in this case was unconstitutional. First, there is no United States Supreme Court authority that directly addresses the issue in this case, but existing Supreme Court precedent indicates the continued possession of property after a lawful seizure is subject only to due process considerations. The Supreme Court explained that a seizure is the singular event of taking possession or control, as distinguished from the subsequent possession or control of that property:

> From the time of the founding to the present, the word 'seizure' has meant a 'taking possession' 2 N. Webster, An American Dictionary of the English Language 67 (1828); 2 J. Bouvier, A Law Dictionary 510 (6th ed. 1856); Webster's Third New International Dictionary 2057 (1981).

*California v. Hodari D.,* 499 U.S. 621, 624 (1991) ("seizure" equated with "actually bringing it within physical control."); *see also Brower v. County of Inyo,* 489 U.S. 593, 596 (1989) (defining seizure as "an intentional acquisition of physical control").

While *Hodari D.* and *Brower* addressed the seizure of a person, *Hodari D.* cited *Thompson v. Whitman,* 85 U.S. 457 (1873), which explained the distinction between the seizure and possession of property. In *Thompson,* a New Jersey sheriff seized a vessel for illegal clam and oyster raking pursuant to a state statute

1  authorizing seizure within his county. *Id.* at 470.  However, the sheriff initially

2  seized the vessel in New York waters and then brought it to New Jersey, arguing

3  that the seizure was continuous and thus became a seizure in New Jersey. *Id.* The

4  Supreme Court rejected the argument, holding that "seizure" only applied to the

5  initial act of taking possession: "A seizure is a single act, and not a continuous fact.

6  Possession, which follows seizure, is continuous." *Id.* at 471.

7      Consistent with the finding that a seizure is a specific act, and not a state of

8  being, the Supreme Court evaluated the retention and disposition of lawfully seized

9  property under due process standards, while making no reference to the Fourth

10  Amendment in *City of West Covina v. Perkins,* 525 U.S. 234 (1999).  In *Perkins*,

11  property had been lawfully seized, but was no longer needed for the criminal

12  investigation or prosecution.  *Id.* at 236.  In reviewing the due process standards

13  and requirements for returning the property, the Court never suggested that the

14  continued possession of the property after it was no longer needed as evidence had

15  become a Fourth Amendment violation.  *Id*. at 240-243.  Thus, Supreme Court

16  precedent supports the argument that the continued possession of property that is

17  lawfully seized is governed by due process, not the Fourth Amendment.

18      Second, contrary to plaintiff's contention, the Ninth Circuit's decision in

19  *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017), has not clearly established the law

20  on this issue.  The Supreme Court recently emphasized that it has never held that a

21  single circuit court opinion – as opposed to a Supreme Court opinion – can clearly

22  establish the law for purposes of qualified immunity.  *City & Cty. of San Francisco,*

23  *Calif. v. Sheehan*, 135 S. Ct. 1765, 1776 (2015).  Moreover, the decision in

24  *Brewster* has been questioned in subsequent Ninth Circuit opinions, and, as such, is

25  not "clearly established."

26      In *Brewster*, the court held that "the Fourth Amendment is implicated when a

27  vehicle is impounded under section 14602.6." *Id*. at 1197.  The parties in *Brewster*

28  agreed that the seizure was justified by the community caretaking doctrine at the

1   outset, but the court held that the Fourth Amendment required further justification

2   for the continued possession of the vehicle for thirty days.  *Id*. at 1196, 1197.  The

3   Ninth Circuit followed *Brewster* in *Sandoval v. Cty. of Sonoma*, 912 F.3d 509 (9th

4   Cir. 2018), *cert. denied sub nom. Cty. of Sonoma, California v. Sandoval*, 140 S. Ct.

5   142 (2019), but with only two justices agreeing that the Fourth Amendment

6   governed the issue of whether the continued possession of the impounded vehicle

7   was constitutional.  *Id*. at 516-517, 521.

8        In his concurring opinion in *Sandoval*, Justice Watford (who was on the panel

9   in *Brewster*) stated:

10       I recognize that the Fourth Amendment analysis in this case is controlled

11       by *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017), a decision I joined.

12       After giving the matter further consideration, I am now of the view that

13       we reached the right result in *Brewster* but for the wrong reason.

14       California Vehicle Code § 14602.6 is constitutionally deficient not

15       because it runs afoul of the Fourth Amendment, as we held in *Brewster*,

16       but because the post-seizure hearing it affords does not comply with the

17       Due Process Clause of the Fourteenth Amendment.

18   *Sandoval*, 912 F.3d at 521 (J. Watford, concurring).  In a recent dissenting opinion

19   Justice White stated:

20       *Brewster*'s reasoning appears to conflict with the Supreme Court's

21       jurisprudence on Fourth Amendment seizures.  The Court has defined a

22       seizure as "a single act, and not a continuous fact."  *Thompson v.*

23       *Whitman*, 85 U.S. (18 Wall.) 457, 471, 21 L.Ed. 897 (1873).  …

24       Whereas *Brewster* held that the Fourth Amendment continues to apply

25       after the government's initial seizure of property, these Supreme Court

26       cases suggest that, once the government has taken possession of property,

27       a seizure is complete.  It is "[p]ossession, which follows seizure, [that] is

28       continuous."  *Thompson*, 85 U.S. (18 Wall.) at 471.

1          Perhaps because of the Court's case law, *Brewster*'s reasoning also

2          conflicts with that of several other circuits, which have concluded that the

3          Fourth Amendment provides protection only against the initial taking of

4          property, not its continued retention. [Citations omitted.]

5   *Jessop v. City of Fresno*, 936 F.3d 937, 943 (9th Cir. 2019) (J. White,

6   dissenting).

7         As described by Justice Smith in the *Jessop* case, the "robust consensus of

8   cases of persuasive authority" indicates that the Fourth Amendment is *not*

9   implicated by a continuing possession of lawfully seized property.  All of the other

10  circuit courts that have addressed the issue have determined that a seizure under the

11  Fourth Amendment is limited to the taking of possession – the actual seizure of

12  person or property – and does not extend to the continued possession or custody

13  after a lawful seizure.  In *Lee v. City of Chicago,* 330 F.3d 456 (7th Cir. 2003), the

14  Seventh Circuit held that the Fourth Amendment only applied to the seizure of

15  property, and, as long as the seizure itself was lawful, the Fourth Amendment did

16  not apply to the subsequent possession of property.  In *Lee,* the plaintiff's car was

17  properly seized as evidence for a criminal proceeding, but was eventually no longer

18  needed.  The plaintiff in *Lee* argued "the City's refusal to return [plaintiff's] car …

19  constituted an additional 'seizure' within the meaning of the Fourth Amendment."

20  *Id.,* 330 F.3d at 460.  The Seventh Circuit held

21          [o]nce an individual has been meaningfully dispossessed, the seizure of

22          the property is complete, and once justified by probable cause, that

23          seizure is reasonable.  The [Fourth] amendment then cannot be invoked

24          by the dispossessed owner to regain his property.

25  *Id.,* at 466; *see also Gonzalez v. Village of West Milwaukee,* 671 F.3d 649, 660 (7th

26  Cir. 2012).  A majority of circuit courts support the Seventh Circuit's decision and

27  reasoning, holding the due process provides the constitutional protection for the

28  retention and return of lawfully seized property.  *DeNault v. Ahem,* 857 F.3d 76, 84

(1st Cir. 2017); *Shaul v. Cherry Valley-Springfield Central School District,* 363 F.3d 177, 187 (2d Cir. 2004); *Ahlers v. Rabinowitz,* 684 F.3d 53, 62 (2d Cir. 2012); *Fox v. Van Oosterum,* 176 F.3d 342, 351, 352 (6th Cir. 1999); *Ali v. Ramsdell,* 423 F.3d 810, 814 (8th Cir. 2005); *Gilmore v. City of Minneapolis,* 837 F.3d 827, 838 (8th Cir. 2016); *Case v. Eslinger,* 555 F.3d 1317, 1330-1331 (11th Cir. 2009).

Given the lack of controlling Supreme Court precedent, the uncertainty of the Ninth Circuit precedent, and the overwhelming authority from other circuits in opposition to *Brewster*, it cannot be said that there is "controlling authority" or "a robust 'consensus of cases of persuasive authority'" establishing that defendants' conduct was unconstitutional.  *al-Kidd*, 563 U.S. at 741-742.  Accordingly, defendants are entitled to qualified immunity with respect to plaintiff's Fourth Amendment claim, and plaintiff's first cause of action should be dismissed.

## III.  PLAINTIFF'S DUE PROCESS CLAIM SHOULD BE DISMISSED

### A.   Plaintiff Does Not Allege a Cognizable Procedural Due Process Claim

The complaint states various theories for the proposition that the 30-day impoundment of plaintiff's vehicle violated procedural due process: (1) the notice provided was insufficient and/or misleading (Complaint, ¶ 35); (2) the administrative hearing was not held before a neutral party (*id.*); (3) there is no judicial review (*id., ¶¶* 30, 35); (4) the 30-day impoundment was a "punitive sanction" (*id.*, ¶ 33); and (5) demanding payment of fees to reclaim possession of a vehicle is a "de facto monetary penalty" (*id.*, ¶ 34).  None have merit.

The court "must apply the three-part balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine "whether a pre-deprivation hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation." *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017).  Under *Mathews*, a court considers three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of

1    such interest through the procedures used, and the probable value, if any, of

2    additional or substitute procedural safeguards; and (3) the government's interest.

3    *Mathews*, 424 U.S. at 335; *see also*, *Miranda v. City of Cornelius*, 429 F.3d 858,

4    867 (9th Cir. 2005).

5          To determine whether a procedural due process violation occurred, "the

6    relevant inquiry is … whether the statutory procedure itself is incapable of

7    affording due process." *Recchia v. City of Los Angeles Dep't of Animal Servs.*, 889

8    F.3d 553, 561 (9th Cir. 2018) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d

9    1310, 1318 (9th Cir. 1989).)  Thus, the court does not assess "whether this

10   particular seizure was proper, but instead whether the statute provides due process."

11   *Id.* at 562.  Plaintiff concedes that "the impound here was pursuant to Cal. Vehicle

12   Code section [14602.6]" (Complaint, ¶ 17); therefore, the relevant question is

13   whether section 14602.6 provides for adequate process.  *See Recchia*, 889 F.3d at

14   562 (analyzing statutory scheme in due process case involving seizure of animals).

15         Applying the *Mathews* balancing test, the Ninth Circuit has repeatedly held

16   that procedures such as those provided in Vehicle Code sections 14602.6 and 22852

17   satisfy due process.  *See Miranda*, 429 F.3d at 867, 868 (holding that no pre-

18   deprivation notice and pre-seizure hearing was required for vehicle impoundment

19   and noting that sending notices within forty-eight hours of an impoundment ensures

20   that "erroneous deprivation of an owner's vehicle will be slight, and satisfies due

21   process concerns"); *David v. City of Los Angeles*, 307 F.3d 1143, 1146 (9th Cir.

22   2002), rev'd on other grounds, 538 U.S. 715 (2003) (stating that section 22852

23   provides adequate process); *Scofield v. City of Hillsborough*, 862 F.2d 759, 763-64,

24   766-67 (9th Cir. 1988) (concluding that pre-seizure process is not required to tow a

25   vehicle under similar circumstances); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d

26   1320, 1325 (9th Cir. 1982) ("Balancing the governmental and private interests at

27   stake, we hold that provision for a post-seizure hearing within forty-eight hours

28   satisfies the requirements of due process.").  The California courts agree.

1  *Thompson v. City of Petaluma*, 231 Cal.App.4th 101, 107-108 (2014); *Alviso v.*
2  *Sonoma Cty. Sheriff's Dep't*, 186 Cal.App.4th 198, 214 (2010).

3       Plaintiff does not allege that defendants failed to abide by the due process
4  requirements set forth in sections 14602.6(b) and 22852, and none of plaintiff's
5  legal theories are valid.

6              **1.    The Statutory Notification Satisfies Due Process**

7       Plaintiff erroneously asserts that the notice provided by CHP pursuant to
8  Vehicle Code sections 14602.6 and 22852 is inadequate.  Complaint, ¶ 35.
9  Contrary to plaintiff's assertion, however, CHP is not required to include in the
10  notice a statement of plaintiff's legal rights or remedies beyond what is mandated
11  by section 22852.  *Perkins*, 525 U.S. at 241; *see also Salazar v. Schwarzenegger,*
12  No. CV 07-01854 SJO (VBKx), 2008 WL 11357881, at *5 (C.D. Cal. Sep. 8, 2008)
13  (holding that 14602.6 provides sufficient notice because "[t]he statute itself is
14  sufficient notice") (quoting *Reetz v. Michigan*, 188 U.S. 505, 509 (1903)).  In
15  *Perkins*, the court held that notice of a post-deprivation hearing need not describe
16  the legal procedures necessary to protect one's interest if such procedures are
17  otherwise set out in published, generally available public sources such as state
18  statutes and case law.  *Perkins*, 525 U.S. at 241.  The court also stated that "neither
19  the Federal Government nor any State requires officers to provide individualized
20  notice of the procedures for seeking return of seized property.  *Id*. at 242-243.  In
21  fact, the court noted that even though Federal Rule of Criminal Procedure 41(d)
22  does not require officers to notify "property owners of the procedures for seeking
23  return of their property," it is not constitutionally inadequate.  *Id*. at 243.  Thus, the
24  notice given pursuant to Vehicle Code sections 14602.6 and 22852 satisfies due
25  process.
26  //
27  //
28  //

### 2. Post-Deprivation Hearings by CHP Employees Satisfy Due Process

Due process is not violated by the mere fact that the hearing examiner is employed by CHP (*see* Complaint, ¶ 35). The Ninth Circuit repeatedly rejected this argument. *See, e.g., Goichman*, 682 F.2d at 1323-1324 (holding that the process provided by California Vehicle Code section 22852, which permits an officer or employee to conduct the hearing, is constitutionally sufficient); *David*, 307 F.3d at 1147 ("[Plaintiff] also asserts that the mere fact that the hearing examiner was employed by the agency - or the City - was sufficient to show a due process violation because the officer who ordered the towing and storage worked for the agency also. That simply is not the law."); *United States v. Garcia-Martinez*, 228 F.3d 956, 960-63 (9th Cir. 2000); *Spokane County Legal Servs., Inc. v. Legal Servs. Corp.*, 614 F.2d 662, 668 (9th Cir. 1980)). Plaintiff alleges no facts showing that CHP's hearing examiners are biased, and courts should not assume such bias. *See Garcia-Martinez*, 228 F.3d at 960-961 (declining to find inherent bias solely because one INS officer issues a removal order and another presides over the hearing).

### 3. A Judicial Proceeding Is Not Required to Satisfy Due Process

Plaintiff asserts that the vehicle storage hearings conducted by CHP violate due process because they do not provide a judicial proceeding. Complaint, ¶¶ 30, 35. A judicial proceeding is not necessary, however, to satisfy due process. *See, e.g., Ballard v. Hunter*, 204 U.S. 241, 255 (1907); *Moore v. Johnson*, 582 F.2d 1228, 1232 (9th Cir. 1978) (upholding the preclusion of judicial review of decisions of the Veterans Administration regarding veterans' benefits). Moreover, judicial review of adverse administrative hearing decisions *is* available. To the extent that plaintiff was dissatisfied with the outcome of the storage hearing, she could have filed a writ of mandate in state court.

//

### 4.    Plaintiff's Claim That the Impoundment Violates Due Process Because It Is a "Punitive Sanction" Fails

Plaintiff asserts that a thirty-day impoundment violates due process because it constitutes a "punitive sanction."  Complaint, ¶ 33.  None of the cases cited in plaintiff's complaint support this theory.  In *Kokesh v. Sec. and Exch. Comm.*, 137 S. Ct. 1635 (2017), the court considered whether a disgorgement was "a sanction" subject to a statute that established a five-year limitations period for "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture."  *Id*. at 1639.  *United States v. Bajakajian*, 524 U.S. 321 (1998), involved the forfeiture of money pursuant to a federal statute that requires that a person declare when they are transporting more than $10,000 outside the United States.  *Id*. at 325.  The court in *Bajakajian* noted that the statute at issue did not involve an in rem proceeding against "guilty property" but instead involved an impermissible in personam criminal forfeiture.  *Id*. at 332.  Unlike the statutes in *Kokesh* and *Bajakajian*, Vehicle Code section 14602.6 involves only a temporary impoundment, not a permanent forfeiture.  *Bell v. Wolfish*, 441 U.S. 520 (1979), involved the conditions of confinement for pretrial detainees and held that as long as the conditions do not amount to punishment, they do not constitute a deprivation of liberty without due process.  *Id*. at 536-537.  Finally, *Wong Wing v. United States*, 163 U.S. 228 (1896), involved the punishment of deportees by imprisonment at hard labor.  *Id.* at 238.  None of these cases inform the due process issue in this case.

### 5.    The Payment of Tow and Storage Fees Does Not Violate Due Process

There is no support for plaintiff's claim that requiring payment of fees to reclaim vehicles is, in and of itself, a due process violation.  S*ee* Complaint, ¶ 34.  Pursuant to Ninth Circuit law, such fees do not violate due process.  *Goichman*, 682 F.2d at 1325.  In *Goichman*, the court held that the government interest in imposing the cost of the removal on the vehicle owner and retaining possession of the vehicle

1  as security for the owner's payment of towing and storage fees outweighs the

2  vehicle owner's private interests. *Id.* at 1324, 1325.

3       The authority cited in plaintiff's complaint in support of this theory – *Nelson*

4  *v. Colorado*, 137 S. Ct. 1249, 1255-1256 (2017) (Complaint, ¶ 34) – is inapplicable.

5  In *Nelson*, the question was whether the state is "obliged to refund fees, court costs,

6  and restitution exacted from the defendant" if a criminal defendants' conviction was

7  overturned. *Id*. at 1252. Under Colorado law, the defendants' money was not

8  refundable unless the criminal defendant was exonerated (e.g., the defendants'

9  money would not be refunded if the criminal conviction is reversed for a procedural

10  reason and not retried.) *Id*. at 1254. The issue of the return of erroneously imposed

11  court costs and restitution has nothing to do with this case which involves a fee to

12  cover the cost of towing and storage of a lawfully seized vehicle.

13       **B.   Plaintiff Does Not Allege a Cognizable Substantive Due Process**

14  **Claim**

15       Although the complaint also mentions "substantive due process," it does so

16  only in the heading to the second cause of action and without any supporting facts.

17  Substantive due process claims based on a deprivation of a property interest are

18  rarely successful. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)

19  (the Supreme Court "has always been reluctant to expand the concept of substantive

20  due process because guideposts for responsible decisionmaking in this uncharted

21  area are scarce and open ended."). Plaintiff's substantive due process claim fails

22  because plaintiff fails to allege a cognizable claim supported by facts.

23       **C.   Defendants Did Not Violate Clearly Established Law**

24       Even if plaintiff could establish a due process violation, there is no clearly

25  established law that the notice and hearing provided by Vehicle Code sections

26  14602.6 and 22852 violate due process. To the contrary, as discussed above, the

27  Ninth Circuit and California Courts of Appeal have repeatedly upheld the validity

28  of Vehicle Code sections 14602.6 and 22852 in the face of due process challenges.

1    Accordingly, defendants are entitled to qualified immunity with respect to

2    plaintiff's due process claim, and plaintiff's second cause of action should be

3    dismissed without leave to amend.  *Reichle*, 566 U.S. at 665; *al-Kidd*, 563 U.S. at

4    741-742.

5    **IV.   PLAINTIFF'S TAKINGS CLAIM SHOULD BE DISMISSED**

6         **A.   Defendants Did Not Violate Plaintiff's Fifth Amendment Rights**

7         Plaintiff alleges that the impoundment of her vehicle was wrongful and

8    "ostensibly for a public purpose of deterring future unlawful driving," and therefore

9    constituted a taking under the Fifth Amendment.  Complaint, ¶¶ 38, 39.

10        **1.   Individual Defendants Are Not Liable in Their Individual
               Capacities for Takings Damages**

11

12        Although the Supreme Court and Ninth Circuit have not addressed this issue,

13   the Fourth and Sixth Circuits have concluded that individual capacity defendants

14   are not liable for takings claims.  In *Langdon v. Swain,* 29 Fed.Appx. 171, 172 (4th

15   Cir. 2002), the Fourth Circuit held, "[T]akings actions sound against governmental

16   entities rather than individual state employees in their individual capacities."  *Id*. at

17   172.  In *Vicory v. Walton,* 730 F.2d 466 (6th Cir. 1984), the Sixth Circuit held:

18        Unlike a trespass or other property tort which may be committed by

19        either an individual . . . or by a governmental entity, a 'taking without

20        just compensation' in violation of the fifth amendment is an act or wrong

21        committed by a government body—a taking 'for public use.'....  Plaintiff

22        may not maintain a constitutional cause of action against these

23        defendants who neither have nor claim the eminent domain power, nor

24        any power similar to it.

25   *Id*. at 467.  Since only governmental entities can be liable for a takings claim,

26   plaintiff's third cause of action fails; therefore, plaintiff's third cause of action

27   should be dismissed without leave to amend.

28   //

### 2.     Plaintiff's Vehicle Was Not Taken for a "Public Use"

The Takings Clause prohibits the government's taking of "private property . . . for public use, without just compensation."  U.S. Const., Amend. V.  Thus, the Takings Clause is implicated only when the taking in question is for a public use. *Scott v. Jackson County*, 297 Fed.Appx. 623, 625-626 (9th Cir. 2008) (Takings Clause claim is not legally cognizable when the property was taken or retained for law enforcement purposes).  Defendants did not impound plaintiff's vehicle for a public use; therefore, plaintiff's takings claim fails.

The takings claim made by plaintiff in this case was rejected in *Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013).  Like plaintiff here, the plaintiffs in *Mateos-Sandoval* asserted that the enforcement of section 14602.6 violated the Fifth Amendment Takings Clause.  *Id*. at 911.  The court dismissed the claim.  *Id*. at 911-912.  The court reasoned as follows:

(1)  If, on the one hand, plaintiffs proved the interference with their property rights was unlawful, there could be no takings claim because the "unlawful seizure of property does not constitute a 'public use.'"  *Id.* at 912, citing *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 543 (2005).

(2) "If, on the other hand, Plaintiffs ultimately fail to prove their Fourth Amendment claim, their takings clause claim would also fail because Defendants lawfully acquired their trucks 'under the exercise of governmental authority other than the power of eminent domain.'"

*Id.* (citing *Lingle*, 544 U.S. at 543).  The court in *Mateos-Sandoval* also relied on *Bennis v. Michigan*, 516 U.S. 442 (1996), in which the Supreme Court held the Takings Clause is not triggered when property has been seized "under the exercise of governmental authority *other than* the power of eminent domain."  *Id*. at 452 (emphasis added).  Other cases have followed the reasoning in *Mateos-Sandoval*. *See, e.g.*, *Cooley v. City of Los Angeles*, No. 2:18-CV-09053-CAS PLAX, 2019 WL 1936437, at *5 (C.D. Cal. May 1, 2019); *Miranda v. Bonner*, No. CV 08-03178

SJO (VBKX), 2013 WL 794059, at *10 (C.D. Cal. Mar. 4, 2013) ("[T]he unlawful seizure of property does not constitute a public use." (internal quotation marks omitted)); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1107 (E.D. Cal. 2012).

Based on these authorities, plaintiff cannot present a valid takings claim; therefore, plaintiff's third cause of action should be dismissed without leave to amend.

## B.   The Impoundment of Plaintiff's Vehicle Did Not Violate Clearly Established Fifth Amendment Law

As discussed above, the law is not clearly established that individual defendants can be held liable in their individual capacities pursuant to the Takings Clause, or that a plaintiff can present a valid takings claim based on the alleged unlawful impoundment of a vehicle.  Accordingly, defendants are entitled to qualified immunity.  *Reichle*, 566 U.S. at 665; *al-Kidd*, 563 U.S. at 741-742. Therefore, plaintiff's third cause of action should be dismissed without leave to amend.

## V.   PLAINTIFF CANNOT PRESENT VIABLE CLAIMS UNDER STATE LAW

### A.   Plaintiff Does Not Allege a Valid Claim Under the California Constitution

Article I, section 13, of the California Constitution guarantees the right to be free from unreasonable searches and seizures.  However, there is no California or federal authority that an individual can bring a private right of action and/or claim for monetary damages based on Article I, section 13.  *See, Katzberg v. Regents of Univ. of California*, 29 Cal.4th 300, 329 (2002) [no damages remedy or constitutional tort action pursuant to section 7].)  The vast majority of federal case law addressing the issue has decisively found that Article I, section 13, does not confer a cause of action for money damages pursuant to the *Katzberg* framework. *See*, *Roy v. County of Los Angeles*, 114 F. Supp. 3d 1030, 1041-1043 (C.D. Cal. 2015), citing *Wigfall v. City and County of San Francisco* 2007 WL 174434, *5

(N.D. Cal. 2007); *Sanchez*, 914 F. Supp. 2d at 1115-1116; *Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1142 (E.D. Cal. 2009); *Cabral v. County of Glenn*, 624 F. Supp. 2d 1184, 1196 (E.D. Cal. 2009). In an unpublished decision, the Ninth Circuit agreed that a direct action for damages was problematic and doubted that the California Supreme Court would find a direct action for monetary damages under Article I, section 13, of the California Constitution. *Clemmons v. City of Long Beach*, 283 Fed.Appx. 487, 489 (9th Cir. 2008).

Moreover, even if plaintiff could bring a damages claim pursuant to Article I, section 13 of the California Constitution, plaintiff's claim fails as a matter of law. In *Alviso*, the court squarely addressed whether the thirty-day impoundment without a warrant violates the unlawful seizure provision of the California Constitution and held that it did not. *Alviso*, 186 Cal.App.4th at 198 (2010).

Therefore, plaintiff's fourth cause of action should be dismissed without leave to amend.

### B.   Plaintiff's California Civil Code Section 52.1 Claim Fails

California Civil Code section 52.1 (the Bane Act) creates liability on persons who interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or of the State of California. Cal. Civ. Code § 52.1(a). Initially, as discussed above, plaintiff cannot state a valid claim against the defendants for violation of the United States or California Constitutions; thus, plaintiff cannot state a claim under the Bane Act.

Moreover, to allege a Bane Act claim, a plaintiff must allege not only a constitutional violation, but also a specific intent to violate the plaintiff's constitutional rights. *Reese*, 888 F.3d at 1043 (quoting *Cornell v. City and County of San Francisco*, 17 Cal.App.4th 766, 801-802 (2017)); *see also*, *Sandoval*, 912 F.3d 509, 519-520 (9th Cir. 2018). A mere intention to act that a jury may ultimately find unconstitutional is insufficient. *Id*. at 1045 (quoting *United States v.*

1  *Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).  Plaintiff fails to allege any specific intent

2  by any of the defendants to violate plaintiff's constitutional rights.  Accordingly,

3  plaintiff's fourth cause of action should be dismissed.

4       **C.   Plaintiff's State Law Claims Are Barred by Immunity**

5       Even assuming plaintiff's state claims had merit, the claims must be dismissed

6  because defendants are immune from liability under Government Code sections

7  820.6, 821.6, and 820.2.

8            **1.   Defendants Are Immune Based on Government Code**

9                  **Section 820.6**

10  Government Code section 820.6 states:

11      [i]f a public employee acts in good faith, without malice, and under the

12      apparent authority of an enactment that is unconstitutional, invalid or

13      inapplicable, he is not liable for an injury caused thereby except to the

14      extent that he would have been liable had the enactment been

15      constitutional, valid and applicable.

16  Cal. Gov't Code § 820.6.  The Legislative Committee comment to section 820.6

17  makes clear that the scope of this immunity is broad, stating the immunity applies,

18  "even though the employee may have been negligent in his good faith belief that

19  the enactment was constitutional, valid and applicable."  Cal. Gov't Code § 820.6,

20  Legislative Comm. comment.  As one court explained:

21      The standard in applying Section 820.6 is not whether a reasonable

22      officer would have understood the enactment was unconstitutional [or

23      inapplicable].  Instead, it is whether the defendant officers' reliance on

24      the enactment was in good faith and without malice.

25  *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 507 (2006).  "Good faith" reflects

26  a subjective intention to act under the authority of the governing enactment, and to

27  comply with those rules.   Cal. Gov't Code § 820.6, Legislative Comm. comment.

28  //

The complaint expressly alleges that plaintiff's vehicle was impounded pursuant to California Vehicle Code section 14602.6 without a warrant or without an applicable exception to the warrant requirement.  Complaint, ¶¶ 17, 25. Defendants are immune from liability pursuant to Government Code section 820.6 with respect to plaintiff's allegations.  Vehicle Code section 14602.6 is an "enactment" under Government Code section 820.6.  The statute expressly permits impoundments and expressly provides that vehicles shall be impounded for thirty days unless released at a hearing based on specified criteria.  The statute does not require that a warrant be issued or that an exception to the warrant requirement exist.  Therefore, plaintiff must allege that defendants' conduct was malicious and in bad faith in order to avoid application of the immunity pursuant to Government Code section 820.6.  Because there are no allegations that defendants acted with malice or bad faith, defendants are immune from liability for damages under California law.  *See O'Toole v. Superior Court, supra,* 140 Cal.App.4th at 503.

## 2. Defendants Are Immune Based on Government Code Section 821.6

Government Code section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their duties from the threat of harassment through civil suits.  *Richardson-Tunnell v. School Ins. Program for Employees*, 157 Cal.App.4th 1056, 1062 (2007), disapproved on other grounds in *Quigley v. Garden Valley Fire Protection Dist.*, 7 Cal.5th 798, 815, fn. 8 (2019).  The term "administrative proceeding" must be liberally construed.  *Richards v. Dep't of Alcoholic Beverage Control*, 139 Cal.App.4th 304, 318 (2006).  Further, section 821.6 is not restricted to trained legal professionals such as prosecuting attorneys, but applies to all employees of a

1   public entity, including police officers.  *Asgari v. City of Los Angeles*, 15 Cal.4th

2   744, 756-757 (1997); *Strong v. State of California*, 201 Cal.App.4th 1439, 1461

3   (2011).

4         The complaint asserts that plaintiff was injured when her vehicle was seized

5   and then impounded for thirty days as provided for in Vehicle Code section

6   14602.6 – an administrative process that begins with the seizure of the vehicle, and

7   then requires notice to the owner and an opportunity to be heard at a storage hearing

8   to determine the validity of the impoundment and storage.  *See* Cal. Veh. Code §

9   22852, 14602.6(a)-(b).  Thus, the seizure is the initiation of an administrative

10  process that permits the owner to contest the seizure on various statutory grounds.

11        California law is clear that Government Code section 821.6 immunizes not

12  only the act of filing or prosecuting a judicial or administrative complaint, but also

13  extends to actions taken in preparation for such formal proceedings.  *Strong, supra,*

14  201 Cal.App.4th at 1461; *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205,

15  1209-1210 (1994); *Richardson-Tunnell, supra,* 157 Cal.App.4th at 1062.

16  Accordingly, the entire administrative process associated with the vehicle seizure,

17  including the seizure itself, is covered by this immunity.

18              **3.    Defendants Are Immune Based on Government Code**
                       **Section 820.2**
19

20        "[A] a public employee is not liable for an injury resulting from his act or

21  omission where the act or omission was the result of the exercise of the discretion

22  vested in him, whether or not such discretion be abused."  Cal. Gov. Code § 820.2.

23        Vehicle Code section 14602.6 confers discretionary authority on law

24  enforcement officers to determine whether to impound a vehicle.  *See California*

25  *Highway Patrol v. Superior Court*, 162 Cal.App.4th 1144, 1154 (2008).

26  Accordingly, all defendants are immune from liability for plaintiff's state law

27  claims based on Government Code section 820.2.

28  //

1  Moreover, Government Code section 820.2 provides immunity for policy

2  decisions. *Johnson v. State of California*, 69 Cal.2d 782, 790-793 (1968).  As the

3  court in *Johnson* explained, the policy behind the discretionary immunity is judicial

4  abstention in areas in which the responsibility for basic policy decisions has been

5  committed to the legislative or executive branches of government.  *Id*. at 793.

6  Plaintiff alleges that CHP Commissioner Stanley approved CHP's impound policy

7  and that her vehicle was seized pursuant to that policy.  Complaint, ¶¶ 10-17, 25.

8  For this additional reason, CHP Commissioner Stanley is immune from liability for

9  plaintiff's state law claims pursuant to Government Code section 820.2.

10  Plaintiff has not alleged any viable claims against defendants, and, moreover,

11  defendants are immune from liability based on Government Code sections 820.6,

12  821.6, and 820.2.  Therefore, plaintiff's state law claims should be dismissed.

13  **CONCLUSION**

14  For the foregoing reasons, defendants respectfully request that the court grant

15  their motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil

16  Procedure section 12(b)(6) without leave to amend.

17  Dated:  May 18, 2020                    Respectfully submitted,

18                                          XAVIER BECERRA
                                            Attorney General of California
19                                          MARK T. CUMBA
                                            Supervising Deputy Attorney General
20

21

22                                          s/ Donna M. Dean

23                                          DONNA M. DEAN
                                            Deputy Attorney General
24                                          *Attorneys for Defendants*
                                            *Warren A. Stanley, Charles Sampson,*
25                                          *A. Braaksma, S. Pool, and E. Bailey*

26  LA2020300218
    63213659.docx

27

28

25