| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | MARK T. CUMBA<br>Supervising Deputy Attorney General |
| 3 | DONNA M. DEAN<br>Deputy Attorney General |
| 4 | State Bar No. 187104<br>  300 South Spring Street, Suite 1702 |
| 5 |   Los Angeles, CA  90013<br>  Telephone:  (213) 269-6509 |
| 6 |   Fax:  (916) 731-2120<br>  E-mail:  Donna.Dean@doj.ca.gov |
| 7 | *Attorneys for Defendants*<br>*Warren A. Stanley, Charles Sampson,* |
| 8 | *A. Braaksma, S. Pool, and E. Bailey* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **YAQUELIN SEVASTIANA ORDONEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**WARREN A. STANLEY, CHARLES SAMPSON, SGT. A. BRAAKSMA (#16551), SGT. S. POOL (#14242), OFFICER E. BAILEY (#22360) and Does 1 through 10, all sued in their individual capacities,**<br><br>Defendants. | 2:20-cv-02779 CBM (PJWx)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:         June 23, 2020<br>Time:        10:00 a.m.<br>Courtroom: 8B<br><br>Judge:       Hon. Consuelo B. Marshall<br><br>Trial Date:    Not set<br>Action Filed: March 25, 2020<br><br>*[Filed concurrently with Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof]* | |

Defendants hereby request judicial notice of the documents identified below pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.  This request is made in connection with Defendants' Motion to Dismiss Plaintiff's Complaint.

The Ninth Circuit explained that "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991).

Courts may take judicial notice of documents outside the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1108 (N.D. Cal. 2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court can take judicial notice of such matters when considering a motion to dismiss).

When considering a motion to dismiss brought under Rule 12(b)(6), a Court may consider undisputed matters of public record through a request for judicial notice, including documents that are referenced in a complaint and made part of its claims:

> Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. [citation omitted] The Court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). [citation omitted].

(*Daniels-Hall v. Natl's Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks omitted).)

//

Defendants seek judicial notice of the following documents that are attached hereto:

Exhibit 1: HPM 81.2, Ch 2 – Storage Impound and Release Procedures and Ch. 4 – Post Storage Hearings

Exhibit 2: The CHP 180 form issued to plaintiff by the CHP on October 24 2019.

Exhibit 3: The Post Storage Hearing Report (CHP 422B form) dated October 30, 2019, memorializing the administrative hearing conducted on that date with respect to plaintiff's request for release of her vehicle from impound.

Defendants request judicial notice of the CHP impound policy in place at the time of the impound of plaintiff's vehicle. Courts may take judicial notice of an agency's actions. *See Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 490, fn. 1 (5th Cir. 2013).

Defendants also request judicial notice of the official public records of the CHP regarding documents relating to the administrative vehicle impound hearing conducted with respect to the impoundment of plaintiff's vehicle on October 24, 2019, because those documents form the official public record of the administrative hearing process challenged in the complaint. Courts may take judicial notice of administrative records. See *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942, 952 (9th Cir. 2008).

Judicial notice of these documents is also appropriate in light of the facts that (1) the complaint references the CHP impound policy and the CHP administrative hearing; (2) the documents are central to plaintiff's claims; and (3) it is unlikely that plaintiff will dispute the authenticity or accuracy of the documents. *See Daniels-Hall*, 629 F.3d at 998.

WHEREFORE, defendants request judicial notice of these documents, and certain information contained therein, for consideration in connection with their Motion to Dismiss Plaintiff's Complaint.

3

| | | |
|---|---|---|
| 1 | Dated: May 18, 2020 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | MARK T. CUMBA<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | s/ Donna M. Dean |
| 7 | | DONNA M. DEAN<br>Deputy Attorney General |
| 8 | | *Attorneys for Defendants*<br>*Warren A. Stanley, Charles Sampson,*<br>*A. Braaksma, S. Pool, and E. Bailey* |

## DECLARATION OF DONNA M. DEAN

I, Donna M. Dean, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent defendants in the above-captioned action. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. I am informed and believe that the documents attached hereto as Exhibits 1 through 3 are true and correct copies of the documents maintained by the California Highway Patrol (CHP) in its ordinary course of business, and pursuant to practices designed to ensure their accuracy and retention. Copies of these documents were provided to me by the custodian of records for the CHP.

3. I am further informed and believe that the documents attached hereto as Exhibit 1 are true and correct copies of CHP's policies related to the impoundment of vehicles that was in place on October 24, 2019, when plaintiff's vehicle was impounded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2020, at Torrance, California.

/s/ Donna M. Dean
Donna M. Dean

LA2020300218
63278272.docx