UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAQUELIN SEVASTIANA ORDONEZ,<br><br>Plaintiff,<br><br>v.<br><br>WARREN A. STANLEY, CHARLES SAMPSON, SGT. A. BRAAKSMA (#16551), SGT. S. POOL (#14242), OFFICER E. BAILEY (#22360) and Does 1 through 10, all sued in their individual capacities,<br><br>Defendants. | Case No. 2:20-cv-2779 CBM (GJSx)<br><br>**PROTECTIVE ORDER RE DOCUMENTS AND DATA DISCLOSED BY THIRD PARTIES CHP AND CDOJ** |

Pursuant to the Stipulation for Protective Order (doc. 29) executed by counsel for Plaintiff and non-parties California Highway Patrol ("CHP") and California Department of Justice ("CDOJ"), the Court hereby issues the following protective order for documents and data that CHP and CDOJ produce in response to subpoenas. These documents and data include the following:

1. In its originally recorded form as electronic data, all CHP CERT data regarding vehicles seized by the California Highway Patrol, where the vehicle was seized at any time from May 1, 2016, through the present. [CHP CERT means California Highway Patrol CLETS Electronic Record Tracking. (CLETS means California Law Enforcement Telecommunications System)]

1

2. Selected data contained in the CDOJ Stolen Vehicle System ("SVS database") for impounded vehicles where the vehicle was impounded at any time from June 17, 2016, through the present, which includes the following: (a) File Control Number ("FCN"); (b) ORI (Originating Agency Identifier); (c) Vehicle seizure date; (d) Vehicle license number; (e) Vehicle license state; (f) Impounding agency file number / DR number (probably "OCA" and/or "RCA"); (g) REF data (alphanumeric data, see SVS manual 1.4) (h) Vehicle VIN; (i) Vehicle Make; (j) Vehicle Model; (k) Vehicle Year.

**A. USE OF THE DATA.**

1. Absent further order of the Court, the data covered by this protective order may be used in this case only, including any appeals, and not for any other purpose whatsoever.

2. Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

    a. The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

    b. Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

    c. The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

    d. Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be redacted to omit names, birth dates, social security numbers, and addresses.

3. Before any disclosure of the items covered by this protective order, they will inform any person identified in Paragraph 2 above, of the terms of the protective order.

4. If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph 2 above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure.  The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's motion is ruled on by the court.  If however, the other party does not file its motion within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

5. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiff shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by Defendants. However, in no event should production or disclosure be made without written approval by Defendants'

3

counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

7. None of the data covered by this Protective Order contains private or confidential information that requires it to be filed under seal with the Court. All private and confidential information was previously redacted from the data pursuant to agreement by the parties' counsel.

8. At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

*9. Any use of Confidential Information at trial, or in open court during pretrial* proceedings, shall be governed by the orders of the presiding judge. This order does not govern the use of Confidential Information at trial.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11. This Stipulation may be signed in parts and may be transmitted by facsimile and electronically as if it were the original document.

**B.    OTHER**

1. The execution of this protective order shall not preclude any party from moving the court for other or further protective orders during this action.

2. This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

*IT IS SO ORDERED*.

DATED:  January 13, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE