ROB BONTA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6509
  Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*Warren A. Stanley, Charles Sampson,*
*A. Braaksma, S. Pool, and E. Bailey*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YAQUELIN SEVASTIANA ORDONEZ,**<br><br>                                   Plaintiff,<br><br>        **v.**<br><br>**WARREN A. STANLEY, CHARLES SAMPSON, SGT. A. BRAAKSMA (#16551), SGT. S. POOL (#14242), OFFICER E. BAILEY (#22360) and Does 1 through 10, all sued in their individual capacities,**<br><br>                                   Defendants. | 2:20-cv-02779 CBM (PJWx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COME NOW Defendants Warren A. Stanley, Charles Sampson, Sgt. A. Braaksma, Sgt. S. Pool, and Officer E. Bailey, and in response to the First Amended Complaint (FAC) on file herein admits, denies, and allege as follows:

## I.      JURISDICTION AND VENUE

1.      Answering paragraph 1 of the FAC, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 1

may be deemed to require an answer, answering defendants admit that plaintiff has stated the correct basis for jurisdiction.

2. Answering paragraph 2 of the FAC, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 2 may be deemed to require an answer, answering defendants admit that the incidents, events and occurrences giving rise to this action occurred in the County of Los Angeles and that plaintiff's claims arise out of alleged acts of employees of the California Highway Patrol (CHP). Answering defendants also admit that plaintiff has stated the correct basis for venue.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

**II.   PARTIES**

3. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 3 of the FAC, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

4. Answering paragraph 4 of the FAC, answering defendants admit that Defendant Warren A. Stanley was the Commissioner of the CHP at the time of the incident in this case and was Assistant Commissioner, Staff, from July 1, 2010 to December 23, 2012.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

5. Answering paragraph 5 of the FAC, answering defendants admit that Defendant Amanda Ray is the Commissioner of the CHP and was Assistant Commissioner, Staff, from April 1, 2018, to February 29, 2020. Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

6.    Answering paragraph 6 of the FAC, answering defendants admit that Defendant Bill Siegl was Assistant Commissioner, Staff, from November 15, 2016, to December 18, 2017.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

7.    Answering paragraph 7 of the FAC, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 7 may be deemed to require an answer, answering defendants admit that Dennis Davidson, Chris Lane, Kevin Davis, Pat Arvizu, Ruben Leal, and Paul Congi are or were employed by CHP in CHP's Research and Planning Section at various times from 2010 to the present.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom

8.    Answering paragraph 8 of the FAC, answering defendants admit that, Defendant Charles Sampson is, and at all times relevant to this action was, an employee of the CHP.  Answering defendants further admit that Defendant Charles Sampson is the former commanding officer of the CHP Central Los Angeles area office.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

9.    Answering paragraph 9 of the FAC, answering defendants admit that Defendants Sgt. A. Braaksma is, and at all times relevant to this action was, an employees of the CHP, a sergeant, and assigned to CHP's Central Los Angeles area office.  Answering defendants also admit that Defendant S. Pool is, and at all times relevant to this action was, an employee of the CHP, a patrol officer, and assigned to CHP's Central Los Angeles area office.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be

1    drawn therefrom.

2    10.   Answering paragraph 10 of the FAC, answering defendants admit that

3          Defendant Officer E. Bailey is, and at all times relevant to this action

4          was, an employee of the CHP, a patrol officer, and assigned to CHP's

5          Central Los Angeles area office.  Answering defendants deny each and

6          every remaining allegation of said paragraph and any inferences that may

7          be drawn therefrom.

8    11.   Answering defendants lack sufficient knowledge or information from

9          which to form a belief as to the truth of plaintiff's allegations in

10         paragraph 8 of the FAC, and, on that basis, deny those allegations and

11         any inferences that may be drawn therefrom.

12   12.   Answering paragraph 9 of the FAC, said paragraph contains conclusions

13         of law which do not require an answer.  To the extent that paragraph 12

14         may be deemed to require an answer, answering defendants admit that

15         answering defendants were acting within the course and scope of their

16         employment with the CHP and under color of state law. Answering

17         defendants deny each and every remaining allegation of said paragraph

18         and any inferences that may be drawn therefrom.

19   **III.   FACTS COMMON TO ALL CLAIMS**

20   13.   Answering defendants deny each and every allegation in paragraph 13 of

21         the FAC and any inferences that may be drawn therefrom.

22   14.   Answering defendants deny each and every allegation in paragraph 14 of

23         the FAC and any inferences that may be drawn therefrom.

24   15.   Answering defendants deny each and every allegation in paragraph 15 of

25         the FAC and any inferences that may be drawn therefrom.

26   16.   Answering defendants deny each and every allegation in paragraph 16 of

27         the FAC and any inferences that may be drawn therefrom.

28   //

17. Answering defendants deny each and every allegation in paragraph 17 of the FAC and any inferences that may be drawn therefrom.

18. Answering defendants deny each and every allegation in paragraph 18 of the FAC and any inferences that may be drawn therefrom.

19. Answering defendants deny each and every allegation in paragraph 19 of the FAC and any inferences that may be drawn therefrom.

20. Answering defendants deny each and every allegation in paragraph 20 of the FAC and any inferences that may be drawn therefrom.

21. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 21 of the FAC, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

22. Answering paragraph 22 of the FAC, answering defendants admit that Defendant Bailey stopped Francisco Gomez Lopez on October 24, 2019, at or near the freeway interchange of the I-5 southbound and the I-10 westbound while he was driving plaintiff's vehicle. Answering defendants also admit that plaintiff's vehicle was seized pursuant to Vehicle Code section 14602.6(a)(1). Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

23. Answering paragraph 23 of the FAC, answering defendants admit that plaintiff's vehicle was towed. Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

24. Answering paragraph 24 of the FAC, answering defendants admit that plaintiff spoke to Officer S. Pool at the Central Los Angeles California Highway Patrol area office on October 25, 2019, and that plaintiff's vehicle was not released on October 25, 2019. Answering defendants

1    deny each and every remaining allegation of said paragraph and any
2    inferences that may be drawn therefrom.

3  25.  Answering paragraph 25 of the FAC, answering defendants admit that a
4        storage hearing was conducted by Sgt. A. Braaksma on October 30,
5        2019.  Answering defendants further admit that plaintiff's vehicle was
6        not released on October 30, 2019.  Answering defendants deny each and
7        every remaining allegation of said paragraph and any inferences that may
8        be drawn therefrom.

9  26.  Answering paragraph 26 of the FAC, answering defendants admit that
10       plaintiff's counsel sent a letter dated October 25, 2019, to Defendant
11       Sampson.  Answering defendants deny each and every remaining
12       allegation of said paragraph and any inferences that may be drawn
13       therefrom.

14 27.  Answering defendants deny each and every allegation in paragraph 27 of
15       the FAC and any inferences that may be drawn therefrom.

16 28.  Answering defendants deny each and every allegation in paragraph 28 of
17       the FAC and any inferences that may be drawn therefrom.

18 29.  Answering defendants deny each and every allegation in paragraph 29 of
19       the FAC and any inferences that may be drawn therefrom.

20 30.  Answering defendants lack sufficient knowledge or information from
21       which to form a belief as to the truth of plaintiff's allegations in
22       paragraph 30 of the FAC, and, on that basis, deny those allegations and
23       any inferences that may be drawn therefrom.

24 //
25 //
26 //
27 //
28 //

6

**FIRST CAUSE OF ACTION – UNLAWFUL VEHICLE IMPOUND**

**42 U.S.C. § 1983**

(Against All Defendants)

31. Answering paragraph 31 of the FAC, answering defendants reassert and incorporate by this reference their responses to all previous and following paragraphs as though fully set forth at length herein.

32. Answering defendants deny each and every allegation in paragraph 32 of the FAC and any inferences that may be drawn therefrom.

33. Answering defendants deny each and every allegation in paragraph 33 of the FAC and any inferences that may be drawn therefrom.

34. Answering defendants deny each and every allegation in paragraph 34 of the FAC and any inferences that may be drawn therefrom.

**SECOND CAUSE OF ACTION – SUBSTANTIVE AND PROCEDURAL**

**DUE PROCESS**

**42 U.S.C. § 1983**

(Against Defendants Stanley, Sampson, Braaksma, Pool, and DOES)

35. Answering paragraph35 of the FAC, answering defendants reassert and incorporate by this reference their responses to all previous and following paragraphs as though fully set forth at length herein.

36. Answering defendants deny each and every allegation in paragraph 36 of the FAC and any inferences that may be drawn therefrom.

37. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 37 of the FAC, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

38. Answering defendants deny each and every allegation in paragraph 38 of the FAC and any inferences that may be drawn therefrom.

//

39.  Answering defendants deny each and every allegation in paragraph 39 of the FAC and any inferences that may be drawn therefrom.

40.  Answering defendants deny each and every allegation in paragraph 40 of the FAC and any inferences that may be drawn therefrom.

41.  Answering defendants deny each and every allegation in paragraph 41 of the FAC and any inferences that may be drawn therefrom.

42.  Answering defendants deny each and every allegation in paragraph 42 of the FAC and any inferences that may be drawn therefrom.

**THIRD CAUSE OF ACTION – VIOLATION OF CAL. CIVIL CODE § 52.1**

(Against All Defendants)

43.  Answering paragraph 43 of the FAC, answering defendants reassert and incorporate by this reference their responses to all previous and following paragraphs as though fully set forth at length herein.

44.  Answering defendants deny each and every allegation in paragraph 44 of the FAC and any inferences that may be drawn therefrom.

45.  Answering defendants deny each and every allegation in paragraph 45 of the FAC and any inferences that may be drawn therefrom.

46.  Answering defendants deny each and every allegation in paragraph 46 of the FAC and any inferences that may be drawn therefrom.

47.  Answering defendants deny each and every allegation in paragraph 47 of the FAC and any inferences that may be drawn therefrom.

48.  Answering defendants deny each and every allegation in paragraph 48 of the FAC and any inferences that may be drawn therefrom.

49.  Answering defendants deny each and every allegation in paragraph 49 of the FAC and any inferences that may be drawn therefrom.

50.  Answering defendants deny each and every allegation in paragraph 509 of the FAC and any inferences that may be drawn therefrom.

//

8

## FOURTH CAUSE OF ACTION – UNLAWFUL SEIZURE
## (CAL. CONST. ART. I § 13)

(Against All Defendants)

51.  Answering paragraph 51 of the FAC, answering defendants reassert and incorporate by this reference their responses to all previous and following paragraphs as though fully set forth at length herein.

52.  Answering defendants deny each and every allegation in paragraph 52 of the FAC and any inferences that may be drawn therefrom.

53.  Answering defendants deny each and every allegation in paragraph 53 of the FAC and any inferences that may be drawn therefrom.

54.  Answering defendants deny each and every allegation in paragraph 54 of the FAC and any inferences that may be drawn therefrom.

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, answering defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1:

The FAC herein fails to state facts sufficient to constitute any cause of action against defendants.

AFFIRMATIVE DEFENSE NO. 2:

Plaintiff's own conduct estops plaintiff from claiming the damages alleged in the FAC.

AFFIRMATIVE DEFENSE NO. 3:

Plaintiff has waived any right to relief for the causes of action alleged in the FAC.

AFFIRMATIVE DEFENSE NO. 4:

The instant action is barred by the doctrine of unclean hands.

AFFIRMATIVE DEFENSE NO. 5:

The FAC and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure sections 335.1, 338, 340, and 343.

1   <u>AFFIRMATIVE DEFENSE NO. 6</u>:

2        The FAC and each cause of action therein are barred by the statute of

3   limitations of Code of Civil Procedure section 342 and Government Code sections

4   945.4 and 945.6.

5   <u>AFFIRMATIVE DEFENSE NO. 7</u>:

6        All acts of defendants occurred in the proper exercise of his/her job duties and

7   police powers without malice or intent to deprive any person of any right arising

8   under the Constitution or laws of the United States, or to do any person any other

9   injury.

10   <u>AFFIRMATIVE DEFENSE NO. 8</u>:

11        Defendants were at all relevant times acting within the course and scope of

12   duty of public employment.

13   <u>AFFIRMATIVE DEFENSE NO. 9</u>:

14        Defendants did not deprive any person of any right, privilege or immunity

15   guaranteed by the Constitution or laws of the United States.

16   <u>AFFIRMATIVE DEFENSE NO. 10</u>:

17        Defendants did not perform any affirmative act, participate in another's

18   affirmative acts, or omit to perform an act which they were legally required to do.

19   <u>AFFIRMATIVE DEFENSE NO. 11</u>:

20        At all times relevant, defendants did not violate any clearly established

21   statutory or constitutional right of which a reasonable officer would have known.

22   Defendants are therefore immune from liability.

23   <u>AFFIRMATIVE DEFENSE NO. 12</u>:

24        Defendants are entitled to qualified immunity.  Defendants acted at all times

25   herein relevant in good faith, with due care, within the scope of discretion, and

26   pursuant to laws, regulations, rules, and practices reasonably believed to be in

27   accordance with the Constitution and laws of the United States. There is no liability

28   pursuant to the Federal Civil Rights Act where one acts in good faith and entertains

1  an honest, reasonable belief that one's actions are in accord with the clearly

2  established law.

3      AFFIRMATIVE DEFENSE NO. 13:

4      The FAC herein fails to state facts sufficient to constitute a cause of action

5  under 42 U.S.C. section 1983 in that simple negligence is not a federal civil rights

6  violation.

7      AFFIRMATIVE DEFENSE NO. 14:

8      There is no imputed liability between public officers in actions under the

9  Federal Civil Rights Act.

10      AFFIRMATIVE DEFENSE NO. 15:

11      The FAC fails to state a cause of action for violation of civil rights, as any

12  deprivation of civil rights alleged in the FAC was not without due process of law.

13      AFFIRMATIVE DEFENSE NO. 16:

14      The acts and omissions alleged in the FAC, to the extent they occurred at all,

15  were an exercise of the police power.

16      AFFIRMATIVE DEFENSE NO. 17:

17      Insofar as any defendants have approved or reviewed determinations and

18  actions of any subordinate, such review and approval was done in a legislative,

19  judicial, or quasi-judicial capacity, within the scope of discretion, with due care,

20  and with a reasonable and good faith belief that such actions were in accordance

21  with the Constitution and laws of the United States.

22      AFFIRMATIVE DEFENSE NO. 18:

23      Insofar as any defendants have promulgated any rule or regulation or directive,

24  such promulgation was done within the scope of discretion, in good faith, with due

25  care, and with the intent that such rule or regulation or directive conforms in all

26  respects to the Constitution and laws of the United States.

27  //

28  //

AFFIRMATIVE DEFENSE NO. 19:

Defendants will be entitled to reasonable attorneys' fees and costs of suit upon prevailing within the meaning of 42 U.S.C. section 1988.

AFFIRMATIVE DEFENSE NO. 20:

The FAC and each cause of action therein are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 21:

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 22:

If and to the extent that any claim was presented to the California Victim Compensation Board, this lawsuit is untimely because it was filed more than six-months after a written notice of rejection of claim was personally delivered or deposited in the mail.  Cal. Gov. Code § 945.6.

AFFIRMATIVE DEFENSE NO. 23:

If and to the extent that the allegations of the FAC attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation Board claim, if any there was, said FAC fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 24:

Plaintiff willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the FAC.

AFFIRMATIVE DEFENSE NO. 25:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the FAC.

//

AFFIRMATIVE DEFENSE NO. 26:

Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 27:

Insofar as any defendant has delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care.  Answering defendants are therefore not liable for any act or omission of any subordinate.

AFFIRMATIVE DEFENSE NO. 28:

There is no liability in that the acts alleged in the FAC, if done at all, were done in the execution and enforcement of the law while exercising due care.  Cal. Gov. Code § 820.4.

AFFIRMATIVE DEFENSE NO. 29:

There is no liability for any injury or damages, if any there were, resulting from acts done in good faith and without malice under the apparent authority of any enactment, even though said enactment be unconstitutional, invalid, or inapplicable. Cal. Gov. Code § 820.6.

AFFIRMATIVE DEFENSE NO. 30:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Cal. Gov. Code § 820.2.

AFFIRMATIVE DEFENSE NO. 31:

There is no liability for injury or damages, if any there were, caused by the instituting or prosecuting of any judicial or administrative proceeding.  Cal. Gov. Code § 821.6.

AFFIRMATIVE DEFENSE NO. 32:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 33:

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 34:

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 35:

The acts complained of by plaintiff were provoked by plaintiff's unlawful and wrongful conduct; therefore, plaintiff is not entitled to an award of punitive damages.

AFFIRMATIVE DEFENSE NO. 36:

The FAC and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages.  Cal. Gov. Code § 818; Cal. Civ. Code, § 3294.

AFFIRMATIVE DEFENSE NO. 37:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendants would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendants would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendants would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

AFFIRMATIVE DEFENSE NO. 38:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading.  As the proceeding arises under the California Tort Claims Act, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit.  Cal. Civ. Proc. Code § 1038.

AFFIRMATIVE DEFENSE NO. 39:

Because the FAC is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

1         WHEREFORE, defendants pray that:

2             1.     Judgment be rendered in favor of defendants and against plaintiff;

3             2.     Plaintiff take nothing by her FAC;

4             3.     Defendants be awarded costs of suit and attorneys' fees incurred

5 herein; and

6             4.     Defendants be awarded such other and further relief as the Court

7 may deem necessary and proper.

8 **<u>DEMAND FOR JURY TRIAL</u>**

9         Pursuant to Federal Rule of Civil Procedure Rule 38 and all other

10 applicable rules and provisions of law, defendants hereby demand trial by jury in

11 this case.

12

13 Dated:  May 4, 2021                         Respectfully submitted,

14                                          ROB BONTA

15                                          Attorney General of California
                                         MARK T. CUMBA

16                                          Supervising Deputy Attorney General

17                                          s/ Donna M. Dean

18                                          DONNA M. DEAN
                                         Deputy Attorney General

19                                          *Attorneys for Defendants*
                                         *Warren A. Stanley, Charles Sampson,*

20                                          *A. Braaksma, S. Pool, and E. Bailey*

21 Ordonez - Answer FAC.docx

22

23

24

25

26

27

28