ROB BONTA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6509
 Fax:  (916) 731-2120
 E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*Warren A. Stanley, Charles Sampson, A. Braaksma,*
*S. Pool, E. Bailey, Amanda Ray, William Siegl,*
*Dennis Davidson, Chris Lane, Kevin Davis, Pat*
*Arvizu, Ruben Leal, and Paul Congi*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YAQUELIN SEVASTIANA ORDONEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**WARREN A. STANLEY, CHARLES SAMPSON, SGT. A. BRAAKSMA (#16551), SGT. S. POOL (#14242), OFFICER E. BAILEY (#22360), and Does 1 through 10, all sued in their individual capacities,**<br><br>Defendants. | 2:20-cv-02779 CBM (PJWx)<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:        June 23, 2020<br>Time:       10:00 a.m.<br>Courtroom: 8B<br><br>Judge:      Hon. Consuelo B. Marshall<br><br>Trial Date:  Not set<br>Action Filed: March 25, 2020 |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......................................................................................... 5

ARGUMENT ................................................................................................. 5

    I.    The Motion Properly Relies on Matters That Are Subject to Judicial Notice............................................................................. 5

    II.   Plaintiff's First Cause of Action Fails to State a Cognizable Fourth Amendment Claim Against Moving Defendants.................... 6

        A.    There Is No Law to Support Plaintiff's Fourth Amendment Claim Based on the Removal of Her Vehicle From the Freeway ......................................................... 6

        B.    Plaintiff Has Not Alleged a Plausible Claim for Individual Liability Against the Moving Defendants ................................. 7

        C.    The Law Is Not Clearly Established That a Thirty-Day Impound Violates the Fourth Amendment ................................. 8

    III.   Plaintiff's Second Cause of Action Fails to State a Cognizable Claim for Violation of Due Process Against Moving Defendants ...... 8

    IV.   Plaintiff's Additional State Law Theories Should Be Dismissed Because They Were Not Asserted in Her Government Claim ........... 9

    V.    Plaintiff's Bane Act Claim Fails to Allege a Plausible Claim For Relief ................................................................................... 9

    VI.   Plaintiff Does Not Dispute That Her Fourth Cause of Action for Unlawful Seizure Pursuant to the California Constitution Fails to State a Cognizable Claim ...................................................... 10

    VII.  Plaintiff's State Law Claims Are Barred by Immunities................... 10

        A.    Defendants Are Immune Pursuant to Government Code Section 820.6 ...................................................................... 10

        B.    Defendants Are Immune Pursuant to Government Code Section 820.2 ...................................................................... 11

CONCLUSION............................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................... 7, 10

*Bell Atlantic Corp. v. Twombly*
    550 US 544 (2007) .................................................................. 6

*Brewster v. Beck*
    859 F.3d 1194 (9th Cir. 2017) ............................................. 9, 10

*Chew v. Gates*
    27 F.3d 1432 (9th Cir. 1994) ................................................... 7

*Coto Settlement v. Eisenberg*
    593 F.3d 1031 (9th Cir. 2010) ................................................. 5

*Fall River Joint Unified Sch. Dist. v. Superior Court*
    206 Cal. App. 3d 431 (1988) ................................................... 9

*Haley v. City of Boston*
    657 F.3d 39 (1st Cir. 2011) ..................................................... 5

*Lopez v. Southern California Permanente Medical Group*
    15 Cal. App. 3d 673 (1981) ..................................................... 9

*Mathews v. Eldridge*
    424 U.S. 319 (1976) ............................................................... 8

*Miranda v. City of Cornelius*
    429 F.3d 858 (9th Cir. 2005) ................................................ 6, 9

*Reese v. Cty. of Sacramento*
    888 F.3d 1030 (9th Cir. 2018) ................................................. 9

*Sandoval v. Cty. of Sonoma*
    912 F.3d 509 (9th Cir. 2018) ............................................ 8, 9, 10

*Skilstaf, Inc. v. CVS Caremark Corp.*
    669 F.3d 1005 (9th Cir. 2012) ................................................. 5

# TABLE OF AUTHORITIES
## (continued)

Page

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ...................................................... 7, 10

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*
  34 Cal. 4th 441 (2004) ...................................................................... 9

*United States v. Caseres*
  533 F.3d 1064 (9th Cir. 2008) ......................................................... 7

*Weisbuch v. County of Los Angeles*
  119 F.3d 778 (9th Cir. 1997) .......................................................... 11

**STATUTES**

United States Code, Title 42
  § 1983 .............................................................................................. 7

California Government Code
  § 820.2 ............................................................................................ 11
  § 820.6 ...................................................................................... 10, 11

California Vehicle Code
  § 14602.6 ............................................................................. 8, 10, 11
  § 21718 ............................................................................................ 7
  § 22651(f) ....................................................................................... 7
  § 22852 ...................................................................................... 10, 11

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Fourth Amendment .................................................................. 6, 8, 10

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 12(b)(6) ............................................................................. 5, 11

**INTRODUCTION**

Plaintiff has not alleged any plausible claims for relief against Defendants Amanda Ray, William Siegl, Paul Congi, Patricia Arvizu, Ruben Leal, Kevin Davis, Chris Lane, and Dennis Davidson (Moving Defendants), and her state law claims are barred by failure to timely file a government claim and state law immunities.  Plaintiff's opposition does nothing to correct these fatal defects in her pleading.  Accordingly, Moving Defendants request that the court grant their motion and dismiss plaintiff's First Amended Complaint as against them without leave to amend.

**ARGUMENT**

**I.    THE MOTION PROPERLY RELIES ON MATTERS THAT ARE SUBJECT TO JUDICIAL NOTICE**

Moving Defendants requested judicial notice of several facts to support their motion to dismiss plaintiff's First Amended Complaint.  Dkt. Nos. 59-2 through 59-6.  Plaintiff has not opposed the Request for Judicial Notice but instead simply argues that the "declarations [in support of the Request for Judicial Notice] are not properly before the court."  Plaintiff erroneously relies on cases that did not involve judicially noticeable facts to support this contention.

For purposes of a Rule 12(b)(6) motion, however, the court can "augment" the facts and inferences from the body of the complaint with "facts susceptible to judicial notice."  *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011); *Coto Settlement v. Eisenber*g, 593 F.3d 1031, 1038 (9th Cir. 2010).  Thus, facts that are subject to judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012).  For the reasons set forth in Moving Defendants' Request for Judicial Notice (Dkt. No. 59-2 through 59-6), CHP's policies (including the policy setting forth who is responsible for policymaking), the dates of separation of certain defendants, and plaintiff's

government claim are subject to judicial notice and properly relied upon for purposes of the motion to dismiss.

Plaintiff also purports to dispute the dates of retirement of Defendants Arvizu, Congi, Leal, and Davidson.[1]  The exhibit to the declaration of Gail Fernandez shows the dates that they separated from CHP in the same rows as their names (e.g., Defendant Arvizu retired in November 2013 as denoted by "11/13" in the row with her name), as well as in the highlighted rows below their names.  Dkt. No. 59-5.

## II. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A COGNIZABLE FOURTH AMENDMENT CLAIM AGAINST MOVING DEFENDANTS

### A. There Is No Law to Support Plaintiff's Fourth Amendment Claim Based on the Removal of Her Vehicle From the Freeway

Plaintiff contends that Moving Defendants cannot challenge her allegation that there was no community caretaking reason to remove her vehicle from the freeway via a motion to dismiss the complaint.  To the contrary, Moving Defendants properly challenge this legal conclusion.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007).

As discussed in the moving papers, there was no licensed driver at the scene to take possession of the vehicle when plaintiff's husband was stopped on the freeway for driving with a suspended license.  FAC, ¶ 22.  As such, the community caretaking doctrine applied to the seizure of plaintiff's vehicle.  *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation.")  Plaintiff's reliance

---

[1] Moving Defendants also noted that Defendant Siegl retired in 2017 and therefore had no direct involvement with the impoundment of plaintiff's vehicle on October 24, 2019.  Plaintiff disputes the 2017 retirement date, but alleges in the First Amended Complaint that Defendant Siegl left his position in 2018 (FAC, ¶ 6) – either way, the date is before the date plaintiff's vehicle was impounded.

on *United States v. Caseres*, 533 F.3d 1064, 1074-1075 (9th Cir. 2008), is
misplaced.  In *Caseres*, as plaintiff notes, the vehicle was *legally* parked.  *Id*.  It is
not legal to park on a freeway.  Cal. Veh. Code § 21718.[2]

    **B.    Plaintiff Has Not Alleged a Plausible Claim for Individual
            Liability Against the Moving Defendants**

As discussed in the moving papers, supervisory officials may not be sued
under 42 U.S.C. section 1983 solely on the basis of their position as a supervisory
government official.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Rather, a
plaintiff must allege either the supervisor's "personal involvement in the
constitutional deprivation" or "a sufficient causal connection between the
supervisor's wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652
F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th
Cir. 1989).  In *Starr v. Baca*, unlike this case, plaintiff alleged specific factual
details that the federal Department of Justice had investigated and issued a report
specifying unconstitutional practices by Sheriff Baca's subordinates and that Sheriff
Baca received weekly reports identifying such conduct.  *Starr*, 652 F.3d at 1209-
1212.  Here, there are no such allegations.  Plaintiff merely alleges on information
and belief that the Moving Defendants had constructive knowledge of an
unconstitutional policy.

Plaintiff also improperly relies on *Chew v. Gates*, 27 F.3d 1432, 1445 (9th Cir.
1994) to support her claim for individual liability against Defendants Davidson,
Lane, Davis, Arvizu, Leal, and Congi, who held positions below the Assistant
Commissioner – Staff (the position responsible for policymaking).  *Chew* involved
the issue of whether a *municipality* could be held liable for an unconstitutional
policy where the decision-making authority was delegated to lower level officials
rather than typical policymakers.  *Id*.  *Chew* did not address the issue of *individual*

---

[2] Plaintiff's reliance on Vehicle Code section 22651(f), which applies to
abandoned or disabled vehicles, is also misplaced.

7

liability of lower level officials who are not responsible for policymaking and therefore is not instructive here.  *Id.*

### C.   The Law Is Not Clearly Established That a Thirty-Day Impound Violates the Fourth Amendment

As discussed in the moving papers, there is no controlling authority or robust consensus of cases clearly establishing that the Fourth Amendment (as opposed to the due process clause) applies to the thirty-day impound (as opposed to the initial seizure of the vehicle).  Accordingly, Moving Defendants are entitled to qualified immunity with respect to plaintiff's first cause of action.  Therefore, plaintiff's first cause of action should be dismissed as against them without leave to amend.

### III.   PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A COGNIZABLE CLAIM FOR VIOLATION OF DUE PROCESS AGAINST MOVING DEFENDANTS

As set forth in the moving papers, plaintiff fails to allege a due process violation, and Moving Defendants have not violated clearly established law.  In the moving papers, Moving Defendants pointed to California's strong interest in keeping unlicensed drivers and drivers whose licenses have been suspended or revoked off the streets because such drivers are far more likely than licensed drivers to cause fatal accidents and to inflict injuries and property loss on innocent drivers. Moving Defendants argued that this strong interest should be balanced against the private interest at stake and the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976).  Plaintiff erroneously asserts that the Ninth Circuit rejected this argument in *Sandoval v. Cty. of Sonoma*, 912 F.3d 509 (9th Cir. 2018).  Plaintiff neglects to mention that their quotation from *Sandoval* is in the context of a Fourth Amendment challenge to the thirty-day impound pursuant to Vehicle Code section 14602.6; the *Sandoval* decision does not address a due process claim.

//

8

**IV. PLAINTIFF'S ADDITIONAL STATE LAW THEORIES SHOULD BE DISMISSED BECAUSE THEY WERE NOT ASSERTED IN HER GOVERNMENT CLAIM**

Plaintiff erroneously asserts that her government claim included a claim against CHP officials for allegedly deficient or unconstitutional policymaking. Plaintiff quotes extensively from her government claim in her opposition, but fails to identify any such assertions.  Dkt. 62 at pp. 20:10-21:26.  Plaintiff also asserts that the fact that she named CHP Commissioner Warren Stanley was sufficient to assert such a claim – it is not.  *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004); *Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431, 434 (1988).  Plaintiff's assertion that newly discovered facts regarding CHP's policymaking process cure her defective government claim is equally unavailing.  *Lopez v. Southern California Permanente Medical Group*, 15 Cal. App. 3d 673, 676-677 (1981).  Accordingly, plaintiff's state law claims against Moving Defendants should be dismissed without leave to amend.

**V. PLAINTIFF'S BANE ACT CLAIM FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR RELIEF**

As discussed in the moving papers, to allege a Bane Act claim, a plaintiff must allege not only a constitutional violation, but also a specific intent to violate the plaintiff's constitutional rights.  *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018) (quoting *Cornell v. City and County of San Francisco*, 17 Cal.App.4th 766, 801-802 (2017)); *see also*, *Sandoval*, 912 F.3d 509, 519-520 (9th Cir. 2018).  As discussed above, Moving Defendants have not violated plaintiff's constitutional rights; therefore, plaintiff's Bane Act claim fails.

In her opposition, plaintiff alleges that she has sufficiently pleaded such intent by stating that defendants "knew of the significance of the *Miranda, Torres, Brewster*, and *Sandoval* cases . . . ."  Dkt. 62 at 17:19-21.  But, as discussed above and in the moving papers, there has been no violation of the *Miranda* and *Torres*

cases, *Brewster* and *Sandoval* do not clearly establish the law, and several defendants retired before the *Brewster* and *Sandoval* cases were issued. Therefore, these cases do not support plaintiff's allegation of a specific intent to violate plaintiff's constitutional rights.[3]

## VI. PLAINTIFF DOES NOT DISPUTE THAT HER FOURTH CAUSE OF ACTION FOR UNLAWFUL SEIZURE PURSUANT TO THE CALIFORNIA CONSTITUTION FAILS TO STATE A COGNIZABLE CLAIM

In her Fourth Cause of Action, plaintiff fails to allege any specific facts against the Moving Defendants. Plaintiff offers no argument in opposition. Accordingly, plaintiff's Fourth Cause of Action should be dismissed as against the Moving Defendants. *Iqbal,* 566 U.S. at 678; *Starr*, 652 F.3d at 1216.

## VII. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY IMMUNITIES

### A. Defendants Are Immune Pursuant to Government Code Section 820.6

As discussed in the moving papers, CHP cannot "refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional." (Cal. Const., art. III, § 3.5.) Although plaintiff does not challenge the constitutionality of Vehicle Code sections 14602.6 and 22852, she seeks to impose liability based on CHP's policies that comply with those statutes – namely that: (1) a vehicle impounded pursuant to Section 14602.6 "shall be impounded for 30 days" absent statutory criteria for an early release (Cal. Veh. Code, § 14602.6, subd. (a)(1) and subd. (d) [emphasis added]); (2) "[t]he registered owner or his or her agent is responsible for all towing and storage charges related to the impoundment" (Cal. Veh. Code, § 14602.6, subd. (d)); and (3) the vehicle owner "shall be provided the opportunity for a storage hearing . . . in accordance with Section 22852," which provides the requirements

---

[3] Plaintiff relies on an order issued in *Untalan v. Stanley, et al.*, C.D. Cal. Case No. 2:19-cv-7599-ODW-JEM, but that order addresses only the potential liability of the CHP Commissioner and sheds no light on the liability of lower level officials who have no policymaking authority.

1  for notice and vehicle storage hearings (Cal. Veh. Code, § 14602.6, subd. (b),

2  22852).  Since no appellate court has held that Sections 14602.6 and 22852 are

3  unconstitutional, CHP is constitutionally bound to enforce those statutes as written.

4  Accordingly, Moving Defendants are entitled to immunity based on Government

5  Code section 820.6.

6  **B.  Defendants Are Immune Pursuant to Government Code Section**
7  **820.2**

8  Plaintiff alleges that Moving Defendants, with knowledge of various case law,

9  personally approved the CHP impound policy and seeks to hold them liable for

10  doing so.  FAC, ¶¶ 5-7, 13, 29, 45-48.  Thus, the Government Code immunity for

11  discretionary decisions is disclosed on the face of plaintiff's First Amended

12  Complaint.  As such, no extrinsic evidence is necessary to adjudicate this

13  immunity.  *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n. 1 (9th Cir.

14  1997) (a Rule 12(b)(6) motion to dismiss for failure to state a claim can be used

15  when plaintiff has included allegations in the complaint that, on their face, disclose

16  some absolute defense or bar to recovery).

17  **CONCLUSION**

18  Moving Defendants are entitled to qualified immunity with respect to each of

19  plaintiff's claims under federal law.  Plaintiff has not stated a plausible claim for

20  relief under state law, and plaintiff's state law claims are barred by immunity and

21  failure to timely file a government claim.  Accordingly, for the foregoing reasons

22  along with the reasons set forth in their moving papers, Moving Defendants

23  respectfully request that the court grant their motion and dismiss plaintiff's first

24  amended complaint as against them without leave to amend.

25  //

26  //

27  //

28  //

11

1    Dated:  August 17, 2021              Respectfully submitted,

2                                        ROB BONTA
                                       Attorney General of California

3                                        MARK T. CUMBA
                                       Supervising Deputy Attorney General

4

5                                        s/ Donna M. Dean

6                                        DONNA M. DEAN

7                                        Deputy Attorney General
                                       *Attorneys for Defendants*

8                                        *Warren A. Stanley, Charles Sampson,*
                                       *A. Braaksma, S. Pool, E. Bailey,*

9                                        *Amanda Ray, William Siegl, Dennis*
                                       *Davidson, Chris Lane, Kevin Davis,*

10                                       *Pat Arvizu, Ruben Leal, and Paul*
                                      *Congi*

11

12    LA2020300218
      35379542.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28